### STATE v. ROGER SHOEMAKER.

(Filed 10 April 1968.)

**1. Escape § 1—**

Sentence of imprisonment for 18 to 36 months, imposed upon defendant's plea of *nolo contendere* to the charge of felonious escape, is within the statutory maximum provided by G.S. 148-45 and does not constitute cruel and unusual punishment in the constitutional sense.

**2. Same; Criminal Law §§ 26, 138—**

    Sentence of imprisonment imposed upon defendant's conviction of felonious escape does not constitute double jeopardy or double punishment in that he had already been punished under prison regulations, since the application of the prison rules authorized by G.S. 148-11 is an administrative act, not a judicial act, and cannot affect sentences imposed by the courts.

**3. Escape § 1—**

    Indictment in this case *held* sufficient to charge and support a conviction of the felony of third offense of escape.

APPEAL by defendant from *May, S.J.,* September 25, 1967 Mixed Session of DAVIDSON.

Defendant was tried on a bill of indictment which charged that Roger Shoemaker "on the 1st day of July, A.D. 1967, with force and arms, at and in the County aforesaid, did unlawfully, wilfully and feloniously escape from the lawful custody of Capt. G. B. Edwards, Supt. of State Prison Camp #061, Davidson County, he, the said Roger Shoemaker, being lawfully confined therein and serving a sentence, having been convicted and sentenced in Randolph County Superior Court, Asheboro, North Carolina, on June 21, 1966, for the crimes of temporary larceny and felonious breaking and entering, this being the third offense of escape committed by the said Roger Shoemaker, he having been convicted of the first offense of escape on July 7, 1966, in the Davidson County Court, Lexington, North Carolina, and he, the said Roger Shoemaker, having been convicted of the second offense of escape at the Davidson County Superior Court on September 25, 1966, . . ."

When the case was called for trial, defendant through his court-appointed counsel entered a plea of *nolo contendere* to third offense of escape. Before accepting the plea, the trial judge inquired of defendant if he had authorized his counsel to enter the plea with the knowledge that the maximum punishment was three years. Defendant answered in the affirmative, whereupon the judge ordered the plea to be entered.

The State offered evidence which tended to show that on July 1, 1967 defendant was in the lawful custody at Camp 061 of the North Carolina Prison Department. On that date, without lawful permission, he left a brick mason school which was being conducted outside the prison compound. He was under the influence of liquor, and was returned to custody about ten hours later. Upon return, pursuant to prison regulations, he was placed in a segregation unit.

Defendant offered no evidence.

The judge imposed judgment that defendant be confined to the

State Prison Department for not less than 18 months and no more than 36 months. Defendant appealed.

*Attorney General Bruton, Assistant Attorney General Melvin, and Staff Attorney Costen for the State.*
*Barnes and Grimes for defendant.*

PER CURIAM. The sentence imposed does not exceed the maximum prescribed by the applicable statute so as to constitute cruel and unusual punishment and be violative of defendant's constitutional rights. *State v. LePard,* 270 N.C. 157, 153 S.E. 2d 875; G.S. 148-45. Neither is there merit in defendant's contention that the sentence imposed by the trial court constituted double punishment or double jeopardy, in violation of his constitutional rights, in that he had already been punished under prison regulations by being denied certain privileges and by being subjected to segregated confinement.

The prison rules authorized by G.S. 148-11 are administrative and not judicial. The courts are not authorized to deal with the giving or withholding of privileges or rewards under these rules. *State v. Garris,* 265 N.C. 711, 144 S.E. 2d 901. It follows that the administrative application of these rules by the prison authorities cannot affect sentences imposed by the courts.

The allegations contained in the bill of indictment are sufficient to charge and support a conviction of the felony of third offense of escape. *State v. Worley,* 268 N.C. 687, 151 S.E. 2d 618.

An examination of the record and all assignments of error reveals no error prejudicial to defendant.

No error.