STATE OF NORTH CAROLINA v. GARY WAYNE TEAGUE

No. 8215SC674

(Filed 15 February 1983)

1. **Criminal Law § 138— Fair Sentencing Act—failure to make finding as to mitigating factors—no abuse of discretion**

It was not error for the trial judge to fail to find as mitigating factors (1) that defendant submitted to arrest without incident, (2) that defendant's acts were a result of his being unable to rapidly adapt to society outside prison walls, (3) that a lengthy prison term without treatment would be of no benefit to a homosexual, and (4) that, if not incarcerated, defendant would have available a stable and supportive family environment. G.S. 15A-1340.4.

**2. Criminal Law § 138.7— sentencing hearing—prior convictions—sufficient to support sentence in excess of presumptive term**

 The trial court properly considered as an aggravating factor that defendant had prior convictions for criminal offenses punishable by more than 60 days confinement, and defendant failed to show there was an abuse of discretion in the trial judge's balancing of the aggravating and mitigating factors in determining defendant's sentence.

APPEAL by defendant from *Martin, Judge*. Judgment entered 18 February 1982 in ORANGE County Superior Court. Heard in the Court of Appeals 12 January 1983.

Defendant, Gary Wayne Teague, was convicted of attempting, on 14 September 1981, to commit a crime against nature, a Class H felony for which the presumptive sentence is three years and the maximum sentence is ten years.

The evidence at trial tended to show, in part, the following. Defendant is 32 years of age. He and a male acquaintance aged 16 years went to defendant's residence and smoked some marijuana. The two went to defendant's bedroom and defendant eventually attempted to force his acquaintance to perform oral sex, forcibly removing the victim's pants and hitting him with a wooden paddle. Another acquaintance of defendant's called the police who arrived at defendant's residence while defendant was still assaulting the victim. The officers knocked on the bedroom door and defendant asked them to wait a second, telling his victim to get dressed and to pretend that nothing had happened. Defendant, after getting partially dressed, emerged from his bedroom and surrendered himself to the officers.

A sentencing hearing was held where the following pertinent evidence was presented. The State presented certified copies of court documents showing that defendant had two prior convictions for felonious crime against nature and one prior felony conviction for taking indecent liberties with a child. Defendant's father testified on behalf of defendant, stating that his family was stable and supportive of defendant, that he would try to help defendant acquire a job, and that he knew of no instance where defendant had hurt or injured anyone. Defendant's father also testified that he became aware of the fact that defendant was a homosexual in 1968 when defendant was convicted of crime against nature and sent to prison. He testified that from 1967 to

April of 1981 defendant had been in prison except between 1974 and 1977; that during the three years he was not in prison defendant was unable to hold a job for very long; and that defendant had sought mental health assistance in Burlington for a short time. Addressing the trial judge, defendant expressed a desire to undergo treatment for homosexuality.

The trial judge found as an aggravating factor that defendant has prior convictions for criminal offenses punishable by more than 60 days, listing in his judgment defendant's prior convictions. The court found no factors in mitigation and, finding that the factor in aggravation outweighed the factors in mitigation, sentenced defendant to ten years in prison, the maximum sentence. The trial court ordered that, upon his admission to the Department of Corrections, defendant be given a diagnostic study and rendered such treatment as is available while in confinement. From the judgment of the trial court, imposing a sentence longer than the presumptive sentence, defendant appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Tiare B. Smiley, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Nora B. Henry, for defendant.*

WELLS, Judge.

The questions defendant raises on this appeal pertain to sentencing. When a convicted felon is given a sentence in excess of the presumptive sentence, he may appeal as a matter of right, and the only question before the appellate court on such an appeal is whether the sentence is supported by evidence introduced at trial and the sentencing hearing. G.S. 15A-1444(a1). Under our scheme of presumptive sentencing, as it applies to the present case, the trial judge must impose the statutorily set presumptive sentence unless he properly makes written findings of aggravating or mitigating factors and then finds that one set of factors outweighs the other. *See* G.S. 15A-1340.4. As long as they are not essential to the establishment of elements of the offense, all circumstances that are both transactionally related to the offense and reasonably related to the purposes of sentencing *must* be considered by the sentencing judge. *State v. Melton,* 307 N.C. 370, 298 S.E. 2d 673 (1983), *citing* G.S. 15A-1340.4(a). The trial

judge *may* consider aggravating and mitigating factors supported by evidence not used to prove an essential element as long as those factors are reasonably related to the purposes of sentencing. G.S. 15A-1340.4(a). The factors found must be supported by a preponderance of the evidence. G.S. 15A-1340.4(a). The balancing of the properly found factors in aggravation and mitigation is left to the sound discretion of the trial judge. *State v. Melton, supra.*

[1] At the sentencing hearing, defendant's attorney urged the judge to consider that defendant submitted to arrest without incident, that defendant's acts were a result of his being unable to rapidly adapt to society outside prison walls, that a lengthy prison term without treatment would be of no benefit to a homosexual, and that, if not incarcerated, defendant would have available a stable and supportive family environment. By his first assignment of error, defendant contends that the trial judge erred in failing to find these four "mitigating factors." While we believe that each of these asserted "factors" could, under the proper circumstances, support the finding of factors in mitigation, on the facts of the present case we do not find it to be error for the trial judge to fail to find mitigating factors based on the evidence in this case. Stated differently, we hold that the trial judge could have properly rejected each of the submitted "factors" because he found them to be either not reasonably related to the purposes of sentencing, *see State v. Melton, supra,* not transactionally related to the offense, *see id.,* or not proven by a preponderance of the evidence, *see State v. Davis,* 58 N.C. App. 330, 293 S.E. 2d 658, *disc. rev. denied,* 306 N.C. 745, 295 S.E. 2d 482 (1982). Additionally, we note that the trial judge did order that defendant be given whatever treatment was available while incarcerated.

[2] By his second assignment of error, defendant contends that the aggravating factor found (*i.e.* that defendant has prior convictions for criminal offenses punishable by more than 60 days confinement) is insufficient to support the imposition of a sentence in excess of the presumptive term. This contention is without merit. Pursuant to G.S. 15A-1340.4, the trial judge *must* consider whether the defendant has prior convictions for criminal offenses punishable by more than 60 days confinement. The evidence of defendant's prior convictions was in a form which is preferred by statute: a certified copy of the court record. *See* G.S. 15A-1340.4

(e); *and State v. Massey,* 59 N.C. App. 704, 298 S.E. 2d 63 (1982) (stating that G.S. 15A-1340.4(e) does not preclude the State from using reliable methods of proof other than those enumerated by the statute for proving prior convictions). The balancing of the aggravating and mitigating factors is left to the discretion of the trial judge. *Melton, supra.* Defendant has not shown that there was an abuse of discretion. Therefore, this assignment of error is overruled.

For the reasons stated, the judgment of the trial court is

Affirmed.

Chief Judge VAUGHN and Judge BRASWELL concur.