STATE OF NORTH CAROLINA v. WARREN GREGORY FARROW, JR.

No. 835SC525

(Filed 17 January 1984)

1. **Criminal Law § 102.6— comment on failure to rebut State's case in argument**

   A statement in a prosecutor's closing argument was not a comment on defendant's failure to take the stand in violation of G.S. 8-54, rather the remark was directed solely toward defendant's failure to offer evidence to rebut the State's case and did not constitute an impermissible comment on defendant's failure to testify.

2. **Criminal Law § 138— aggravating factor that defendant possessed stolen property—not based improperly on hearsay testimony**

   A court's finding as an aggravating factor that defendant possessed stolen property was not improperly based on hearsay testimony where defendant chose not to contest the evidence offered by the State, despite ample opportunity to do so.

3. **Criminal Law § 138— aggravating factor related to offenses**

   The fact that defendant used a stolen vehicle in committing the burglaries for which he was convicted was related to those offenses in that it pointed to his propensity to steal and was properly considered as an aggravating factor.

4. **Criminal Law § 138— error to increase presumptive sentence for two burglary counts with single aggravating factor**

   The trial court erred in increasing the presumptive sentence for both burglary counts by using a single aggravating factor.

APPEAL by defendant from *Small, Judge.* Judgment entered 6 January 1983 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 8 December 1983.

Defendant was tried on bills of indictment charging him with two counts of breaking and entering and felonious larceny. On 9 September 1982, at approximately 3:00 a.m., Wilmington police officers were dispatched to the University Arms Apartments after residents had observed an unfamiliar automobile with Florida tags in the parking lot. While waiting in a nearby wooded area, the officers discovered defendant carrying a stereo to the car. The officers ordered defendant to halt, but he threw down the stereo and escaped into the woods. The theft of the stereo, which was recovered, was reported the next day.

Police received another report on 9 September that an apartment in the College Manor Apartments had also been broken into during the previous night. In that instance, three dollars were allegedly taken from a wallet owned by the complainant.

Testimony was introduced by the State at trial showing that fingerprint impressions taken at both scenes matched. Defendant offered no evidence and was found guilty of two counts of first degree burglary and felonious larceny. The court found no statutory mitigating or aggravating factors, but found as an additional written finding in aggravation in each case that:

> The defendant placed a license tag issued to him by the State of Florida upon a stolen Pontiac Automobile registered in the State of Florida to Warren Studstill and was in possession of this stolen 1979 vehicle at the times of the commission of the crimes and used and intended to use such vehicle for transportation to and from the crimes of 1st Degree Burglary and for the purpose of transporting personal property stolen pursuant to the 1st Degree Burglary. The defendant also possessed other stolen property while committing this felony.

The presumptive sentence is 15 years for first degree burglary and 3 years for felonious larceny. Defendant was sentenced to 25 years in prison on each burglary count, to run consecutively, and 10 years in prison on each felonious larceny count, to run concurrently with its respective burglary count. From these proceedings defendant appeals.

*Attorney General Edmisten, by Special Deputy Attorney General David S. Crump, for the State.*

*William Norton Mason for defendant-appellant.*

ARNOLD, Judge.

[1] Defendant first contends that the trial court erred in denying his motion for mistrial in that the district attorney, in his closing argument to the jury, referred to defendant's failure to testify and offer evidence. Defendant's contention is based on the following exchange, which occurred as the prosecutor was addressing the police officers having identified defendant as being the person they observed near the scene of the crime:

> MR. SMITH: . . . They know they can identify him and you have heard the two officers testify. If *he* can prove *he* was somewhere else, *he* can prove that tomorrow, the day after, whenever, and destroy the reputation of two uniformed police officers. (Emphasis added.)

> MR. MASON: Objection, your Honor. Objection. Motion for a mistrial.

> . . . .

> MR. SMITH: I'm sorry. I didn't intend to do it.

> MR. MASON: You can dance around it all day long, but the Jurors are still getting the message. He's trying to stay away from it he says. Directly or indirectly but I argue to you that's twice and I think it's reversible error your Honor. I think the court should grant a mistrial.

Defendant contends that, by referring to his inability to account for his whereabouts at the time in question, the district attorney, in effect, commented on defendant's failure to take the stand in violation of G.S. 8-54. We do not agree.

The prosecutor's remark was directed solely toward defendant's failure to offer evidence to rebut the State's case and not at defendant's failure to take the stand himself. The statement did not constitute an impermissible comment on defendant's failure to testify. *State v. Jordan,* 305 N.C. 274, 287 S.E. 2d 827 (1982).

[2]  Defendant makes several arguments with regard to the court's finding as an aggravating factor that he possessed stolen property. He first alleges that this factor was improperly found in that it was based on hearsay testimony. We disagree with defendant's contention.

Formal rules of evidence are not applicable in sentencing hearings. *State v. Locklear,* 34 N.C. App. 37, 237 S.E. 2d 289, *cert. denied,* 293 N.C. 591, 238 S.E. 2d 150 (1977), *reversed on other grounds,* 294 N.C. 210, 241 S.E. 2d 65 (1978). *See* G.S. 15A-1334(b). It is, therefore, not required that all information in a presentence report be free of hearsay, but defendant must be given the opportunity to controvert any hearsay allegations which lead to an aggravation of punishment. *State v. Locklear, supra.*

In the case at bar, defendant chose not to contest the evidence offered by the State, despite ample opportunity to do so. His claim that he was unable to contradict the evidence without, at the same time, waiving his Fifth Amendment right to remain silent is meritless since he could have rebutted that evidence without taking the stand himself. Furthermore, every defendant who chooses not to testify does so at the risk of being unable personally to contradict unfavorable evidence.

[3]  Defendant next contends that even if the sentencing hearing was properly conducted the aggravating factor found by the court was not transactionally related to the offenses for which he was convicted. *See State v. Melton,* 307 N.C. 370, 298 S.E. 2d 673 (1983). We find, however, that the fact that defendant used a stolen vehicle in committing the burglaries is related to those offenses in that it points to his propensity to steal. Moreover, the factor is reasonably related to the purposes of sentencing. *State v. Ahearn,* 307 N.C. 584, 300 S.E. 2d 689 (1983).

[4]  Defendant's final exception to the sentencing procedure taken by the trial court is his contention that the court erred in increasing the presumptive sentence for both burglary counts because of the finding of a single aggravating factor. We agree with defendant's contention and order that the case be remanded for resentencing.

In *State v. Ahearn, supra,* the Court stated the following:

[W]e must first emphasize the inherent difficulties present in this appeal resulting from the trial court's failure to list separately the aggravating and mitigating factors for each of the two offenses. Separate findings as to the aggravating and mitigating factors for each offense will facilitate appellate review. Further, in the interest of judicial economy, separate treatment of offenses, even those consolidated for hearing, will offer our appellate courts the option of affirming judgment for one offense while remanding for resentencing only the offense in which the error is found. . . . We therefore hold that in every case in which the sentencing judge is required to make findings in aggravation and mitigation to support a sentence which varies from the presumptive term, each offense, whether consolidated for hearing or not, must be treated separately, and separately supported by findings tailored to the individual offense and applicable only to that offense. *Id.* at 598, 300 S.E. 2d at 698.

Although after examining these and defendant's remaining contentions we find that the trial of defendant was error-free, the court's improper use of a single aggravating factor to increase defendant's sentencing beyond the presumptive term with regard to the multiple offenses compels us to remand this case for resentencing.

No error in the trial.

Remanded for resentencing.

Judges JOHNSON and PHILLIPS concur.