---
State v. Monroe
---

---

STATE OF NORTH CAROLINA v. WILLIE MONROE

No. 838SC1216

(Filed 18 September 1984)

1. **Criminal Law § 138.7— second-degree murder—sentencing—premeditation and deliberation as aggravating factor**

Where defendant was convicted of second-degree murder, the trial court did not err at the sentencing hearing by finding as an aggravating factor that the killing occurred after defendant premeditated and deliberated it, since the evidence showed that defendant went to the motel room of his former lover

and deceased at least four times during the weekend of the killing, each time demanding to talk with his lover; he instructed her to get her things and leave with him; defendant went to the room with a gun, threw a rock through the window, and pulled glass out of the window; and defendant then pushed the woman aside, told her to get out of the line of fire, and shot and killed deceased.

**2. Criminal Law § 138.7— second-degree murder—sentencing—mental condition —provocation—no mitigating factors**

The trial court did not err in failing to find as mitigating factors during the sentencing hearing that defendant was suffering from a mental condition which significantly reduced his culpability for the offense, that he acted under strong provocation or that the relationship between him and the victim was otherwise extenuating, since evidence with regard to defendant's mental condition consisted of a psychiatric opinion regarding defendant's capability to stand trial and thus had no bearing on his mental condition at the time of the offense, and the fact that defendant's actions resulted from jealousy over the victim's relation with his former girl friend was not a proper factor for use in mitigating his punishment.

APPEAL by defendant from *Strickland, Judge.* Judgment entered 26 August 1983 in Superior Court, WAYNE County. Heard in the Court of Appeals 23 August 1984.

Defendant was tried on bills of indictment charging him with first degree murder and discharging a firearm into an occupied building. During the weekend of 26-28 February 1983, Kay Frances Jackson and Kenneth Lee Brinson were staying together at the Motel 6 in Goldsboro, North Carolina. The defendant and Ms. Jackson had previously been lovers, living together, off and on, for approximately nine years prior to the incident. Defendant went to the motel at least four times during that weekend, attempting to talk with Ms. Jackson. Ms. Jackson testified that on the evening of 27 February, defendant brought a gun to the motel.

On the morning of 28 February 1983 defendant knocked on the door of the room in which Ms. Jackson and Mr. Brinson were staying. Getting no response, defendant threw a rock through the window of the room and began to pull the glass out. Ms. Jackson testified that defendant stated "he had lost his job and lost everything and he won't about to . . . take her away from him." Ms. Jackson also testified that defendant pulled a gun, pushed her down and told her to keep out of the line of fire, and then shot at Brinson, who was behind a door trying to protect himself. Mr.

Brinson and the defendant struggled. Defendant fired other shots, and killed Brinson.

Defendant entered a negotiated plea of guilty to second degree murder. The State dismissed the charge of firing into an occupied building and the sentencing was left to the discretion of the court.

Second degree murder is a Class C felony. A defendant guilty of this crime must receive a fifteen-year term of imprisonment unless aggravating or mitigating factors merit imposition of a longer or shorter term. *State v. Melton*, 307 N.C. 370, 373, 298 S.E. 2d 673, 676 (1983). As a factor in aggravation of punishment, the court in the case at bar found that the killing occurred after the defendant premeditated and deliberated the killing. In mitigation of punishment, the court found that the defendant has "no record of criminal convictions or a record consisting solely of misdemeanors," and that "prior to arrest or at an early stage of the criminal process, the defendant voluntarily acknowledged wrong-doing. . . ." N.C. Gen. Stat. § 15A-1340.4(a)(2)(a), (1). The trial judge found that the aggravating factor outweighed the mitigating factors and sentenced defendant to a term of twenty years imprisonment.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Richard H. Carlton, for the State.*

*Hulse and Hulse, by H. Bruce Hulse, Jr., for defendant appellant.*

ARNOLD, Judge.

[1] Defendant first contends that the trial court erred at the sentencing hearing by finding as an aggravating factor that the killing occurred after the defendant premeditated and deliberated it. The defendant argues that upon a review of the evidence presented at the sentencing hearing a determination by the court that a preponderance of the evidence indicated that the defendant premeditated and deliberated the killing was not supported. We disagree.

The evidence showed that the defendant went to the motel room of Ms. Jackson and the deceased at least four times during

the weekend of 26-28 February 1983, each time demanding to talk with Ms. Jackson. He told Ms. Jackson to get her things and to leave with him. Ms. Jackson testified that on the evening of 27 February she saw him holding a gun outside the door. The next morning defendant returned with a gun, and threw a rock through the window. He said that "he had lost his job and lost everything and he won't about to take . . . her away from him." Ms. Jackson testified further that defendant pulled glass out of the window, then pushed Ms. Jackson aside and told her to get out of the line of fire, and shot at Brinson, who was behind a door. A struggle with Brinson ensued. Altogether, the defendant fired three shots, killing Mr. Brinson. Defendant's written statement indicates that after defendant broke the motel room window, Brinson reached out and pulled him through the window. When Brinson grabbed him, defendant wrote, he (defendant) pulled a gun out of his pants and began shooting.

Although the evidence concerning the events immediately preceding the killing conflicted, we believe the trial judge had sufficient evidence to determine by a preponderance of the evidence that the defendant premeditated and deliberated the killing. The totality of the circumstances, when combined with the specific evidence of defendant's forewarning to Ms. Jackson to get out of the line of fire, permit this conclusion. When a defendant is found guilty of murder in the second degree, a determination by the preponderance of the evidence in the sentencing phase that he premeditated and deliberated the killing is reasonably related to the purposes of sentencing and may be considered in sentencing. *State v. Melton*, 307 N.C. 370, 376-78, 298 S.E. 2d 673, 678-79 (1983). *See also State v. Gaynor*, 61 N.C. App. 128, 130-32, 300 S.E. 2d 260, 262 (1983).

[2]   Defendant next contends that the trial court erred in failing to find additional mitigating factors at the time of the sentencing. Specifically, defendant contends that the psychiatric evaluation and other evidence presented at the sentencing hearing would support finding the following: the defendant was suffering from a mental or physical condition that was insufficient to constitute a defense but significantly reduced his culpability for the offense; and the defendant acted under strong provocation, or the relationship between the defendant and the victim was otherwise ex-

tenuating. We disagree and find that the trial court did not err in failing to find additional factors in mitigation.

A trial judge can properly reject any factor in aggravation or mitigation if he finds it to be either not reasonably related to the purposes of sentencing, not transactionally related to the offense, or not proven by a preponderance of the evidence. *State v. Teague*, 60 N.C. App. 755, 758, 300 S.E. 2d 7, 9 (1983). The additional factors in mitigation recommended by the defendant were not proven by a preponderance of the evidence.

The psychiatric evaluation report referred to by defendant states: "While in jail, Mr. Monroe became confused and apparently developed auditory hallucinations, leading to his referral here. . . . Because of auditory hallucinations, anti-psychotic medication was ordered." The auditory hallucinations were diagnosed as "secondary to isolation and stress of confinement" and were treated with anti-psychotic medications. Since the mental condition developed after defendant was arrested and jailed and was "secondary to isolation and stress of confinement," it could not have been a factor that reduced his culpability for the crime. The psychiatric opinion deals only with defendant's capability to stand trial and does not require a finding by the preponderance of the evidence that defendant was suffering from a mental condition at the time of the offense which would serve as a factor in mitigation.

Defendant's contention that the court should have found as a further mitigating factor that the defendant acted under strong provocation or the relationship between defendant and the victim was otherwise extenuating is also unsupported by the evidence. Defendant does not contend that he was provoked by a threat or challenge from the victim. Instead, defendant contends that his prior relationship with Ms. Jackson and his knowledge that she was staying with Mr. Brinson for a weekend are sufficient to prove provocation or an extenuating relationship with the victim. We disagree. The fact that defendant's actions resulted from jealousy over Brinson's relation with his former girl friend is not a proper factor for use in mitigating defendant's punishment. *State v. Puckett*, 66 N.C. App. 600, 606, 312 S.E. 2d 207, 211 (1984).

Finally, defendant contends that the trial court erred in finding that the factors in aggravation outweighed the factors in

mitigation. In support of this contention, defendant refers to his arguments in support of deleting the aggravating factor and adding two mitigating factors. Having already rejected those arguments, we reject this contention without further comment.

The sentence imposed by the trial court is

Affirmed.

Judges WHICHARD and EAGLES concur.