STATE OF NORTH CAROLINA v. BOBBY LYNN STONE

No. 8311SC1312

(Filed 20 November 1984)

**1. Criminal Law § 138— resentencing—behavior since original sentencing—properly considered**

　　Where defendant's original sentence on convictions for felonious breaking and entering and felonious larceny was remanded, the record shows that the court considered defendant's post-sentence behavior in that the court stated that it would consider defendant's prison records and school attendance and then found those factors in mitigation. There was no abuse of discretion in giving those factors little or no weight.

**2. Criminal Law § 138— resentencing—no credit for gain time—no error**

　　Where defendant's convictions had been affirmed but the sentence remanded, there was no error on resentencing in failing to give defendant credit for "gain time" or "good time" earned between the first and second sentencing hearings.

**3. Criminal Law § 138— consolidated sentencing—mitigating and aggravating factors not separately listed**

　　Where defendant was sentenced for two felony offenses, the court erred by failing to list aggravating and mitigating factors separately for each crime.

　　Chief Judge VAUGHN dissenting.

APPEAL by defendant from *Bailey, Judge*. Judgment entered 14 September 1983 is Superior Court, LEE County. Heard in the Court of Appeals 19 September 1984.

Defendant was convicted of felonious breaking and entering and felonious larceny on 19 July 1982 and was sentenced to a term of ten years, a sentence greater than the presumptive term for the Class H felonies. Defendant appealed his 1982 convictions to this Court. In a nonpublished opinion, this Court found no error

in defendant's trial but remanded for resentencing. *State v. Stone*, 62 N.C. App. 552. At the resentencing hearing on 12 September 1983, which gives rise to this appeal, the State presented evidence of defendant's prior convictions consisting of misdemeanor larceny, breaking and entering and resisting arrest. Defendant presented his record within the Department of Correction and his report cards from Johnston Technical Institute as evidence of his good prison record and efforts to improve his skills between his conviction on 19 July 1982 and the 12 September 1983 resentencing hearing. Judge Bailey found defendant's prior convictions as factors in aggravation and defendant's good prison record and his school attendance as factors in mitigation. Although Judge Bailey found these factors in mitigation, he declined to give them any weight, stating that "these are matters to be considered by the Board of Parole as they occurred after sentence was imposed [on 19 July 1982, and] [h]e is not entitled to consideration twice." Judge Bailey found that the factors in aggravation outweigh the mitigating factors, consolidated the cases for judgment and imposed a sentence of ten years. Defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General James E. Magner, Jr., for the State.*

*G. Hugh Moore, Jr., for defendant appellant.*

JOHNSON, Judge.

Defendant contends he is entitled to a new sentencing hearing because of errors committed by Judge Bailey.

[1] By his first assignment of error, defendant contends the court erred by failing to consider and give weight to uncontradicted evidence of defendant's post-sentence behavior, which evidence defendant contends supports a nonstatutory finding of factors in mitigation.

First, we note that the court did in fact consider the evidence of defendant's post-sentence behavior. When asked by defense counsel, "Is the court going to consider these documents" [of defendant's prison records and school attendance], Judge Bailey stated, "I'm going to consider them . . ." As further evidence that the court considered these documents, the court in its findings of

State v. Stone

fact stated that the evidence constituted nonstatutory factors in mitigation.[1] Accordingly, the contention that the court failed to consider the evidence of defendant's post-sentencing conduct is without merit.

Second, defendant's contention that the court erred in failing to give any weight to these mitigating factors is also without merit. *State v. Davis*, 58 N.C. App. 330, 293 S.E. 2d 658, *disc. rev. denied*, 306 N.C. 745, 295 S.E. 2d 482 (1982) is dispositive of this contention. In *Davis*, the court stated that

> Judges still have discretion to increase or reduce sentences from the presumptive term upon findings of aggravating or mitigating factors, *the weighing of which is a matter within their sound discretion. . . .*
>
> . . . The balance struck by the trial judge will not be disturbed if there is support in the record for his determination. (Emphasis added.)

*Id.* at 333-34, 295 S.E. 2d at 661.

Judge Bailey's decision in giving little or no weight to the mitigating factors of defendant's post-sentencing behavior finds support in the fact that these are matters to be considered by the Department of Correction in awarding defendant "gain time" and "good time" under its authority granted by G.S. 148-13 and G.S. 15A-1340.7. We find no abuse of discretion and no reason to disturb the balance struck by Judge Bailey that the factors in aggravation outweigh the factors in mitigation. Accordingly, this assignment of error is without merit.

[2] Next, defendant contends that Judge Bailey erred in refusing to give defendant credit for "gain time" or "good time" earned within the Department of Correction between the first and second sentencing hearings. We disagree. Prison rules and regulations respecting rewards and privileges for good conduct are strictly administrative and not judicial. *State v. Shoemaker*, 273 N.C. 475, 160 S.E. 2d 281 (1968).

---

1. G.S. 15A-1340.4(a) provides that the trial court *may* consider any nonstatutory aggravating and mitigating factors supported by evidence not used to prove an essential element, and which are reasonably related to the purpose of sentencing. *See also, State v. Teague*, 60 N.C. App. 755, 300 S.E. 2d 7 (1983).

[3]  By his final assignment of error defendant contends the court erred in failing to list aggravating and mitigating factors separately for each crime. We agree and remand for resentencing. We find *State v. Ahearn*, 307 N.C. 584, 300 S.E. 2d 689 (1983) to be controlling on this issue. The trial judge faced a similar issue in *Ahearn* where two offenses were consolidated for hearing and only one set of mitigating and aggravating factors was found to support a sentence greater than the presumptive term. Our Supreme Court held that each offense "must be treated separately, and separately supported by findings tailored to the individual offense and applicable only to that offense." *Id.* at 598, 300 S.E. 2d at 698. Here, the trial court sentenced defendant for two felony offenses and failed to treat them individually in making its findings and erred in so doing. *See also, State v. Farrow*, 66 N.C. App. 147, 310 S.E. 2d 418 (1984).

In conclusion, we hold that the trial judge erred in not making separate findings of mitigating and aggravating factors for each offense. This case must be remanded for resentencing pursuant to *Ahearn, supra*.

Remanded for resentencing.

Judge WHICHARD concurs.

Chief Judge VAUGHN dissents.

Chief Judge VAUGHN dissenting.

I do not agree that *Ahearn* requires us to, once more, remand this case for resentencing. I would affirm the judgment.

The majority has found, and correctly so, that there is no error in the Court's findings of aggravating and mitigating factors in either case. The only aggravating factors found are prior convictions for serious crimes and they would be proper aggravating factors in sentencing for any crime. The cases were consolidated for judgment and a single sentence within lawful limit was imposed. In *Ahearn*, separate sentences were imposed for felonious child abuse and voluntary manslaughter. A single set of aggravating and mitigating factors was found. Some of the findings were improper on the child abuse charge (for example, that the of-

fense was especially heinous, atrocious or cruel) but were ap-
propriate on the voluntary manslaughter charge. The Court found
both aggravating and mitigating factors that were inappropriate
on either count. In the case before us, however, there is no error
in the finding of aggravating or mitigating factors with respect to
either of the crimes. We do not, therefore, need the "option of af-
firming judgment for one offense while remanding for resentenc-
ing only the offense in which error is found." *Ahearn* at 598, 300
S.E. 2d at 698.