STATE OF NORTH CAROLINA v. JOHNNIE ALTON MYERS

No. 861SC165

(Filed 5 August 1986)

**Constitutional Law § 34— robbery with dangerous weapon—violation of state and federal statutes—two trials—no double jeopardy**

> Defendant could properly be tried for robbery with a dangerous weapon in violation of N.C.G.S. § 14-87, though he had previously been tried and convicted of robbery with a dangerous weapon in violation of 18 U.S.C. § 2113(d) and though both charges arose from the same transaction, since the act committed was the same in both cases, but the offense was not, and it was no bar to prosecution that defendant had already been punished for the same act by another sovereign.

APPEAL by the State from *Barefoot, Judge.* Order entered 9 October 1985 in Superior Court, PERQUIMANS County. Heard in the Court of Appeals 6 June 1986.

*Attorney General Thornburg, by Assistant Attorney General John H. Watters, for the State.*

*Edwards & Edwards, by Walter G. Edwards, Jr., for defendant appellee.*

PHILLIPS, Judge.

In the United States District Court for the Eastern District of North Carolina defendant has been indicted, tried, convicted and sentenced for robbing the Peoples Bank and Trust Company in Hertford, North Carolina of $6,058 with a dangerous weapon on 4 April 1985 in violation of 18 U.S.C. Sec. 2113(d). In this case defendant stands indicted in the Superior Court of Perquimans County for committing the same robbery with a dangerous weapon in violation of G.S. 14-87. Upon defendant's motion the trial court dismissed the indictment upon the ground that its prosecution would violate the Fifth Amendment to the United States Constitution and Art. I, Sec. 19 of the North Carolina Constitution by again putting defendant in jeopardy for an offense that he has already been punished for. The order was erroneously entered and we reverse it. Defendant is not being prosecuted in this case for the "same offense" that he has been punished for in the federal court. In that case defendant was prosecuted and punished for

an offense against the laws of the United States of America; in this case he is being prosecuted for an offense against the laws of the State of North Carolina. Though the act committed is the same in both cases, the *offense* is not. In its legal signification, of course, an *offense*, or crime, is not merely a bad act of some kind, it is the violation of a *law. Moore v. Illinois*, 14 How. 13, 14 L.Ed. 306 (1852). All sovereign states, and it is fundamental to our system of government that the United States of America and the various states are separate, distinct sovereign states, have the power to enact laws and prosecute those who violate them; and it is no bar to a prosecution that the offender has already been punished for the same act by another sovereign. *Heath v. Alabama*, 474 U.S. ---, 88 L.Ed. 2d 387, 106 S.Ct. 433 (1985); *United States v. Wheeler*, 435 U.S. 313, 55 L.Ed. 2d 303, 98 S.Ct. 1079 (1978); *Bartkus v. Illinois*, 359 U.S. 121, 3 L.Ed. 2d 684, 79 S.Ct. 676, *reh. denied*, 360 U.S. 907, 3 L.Ed. 2d 1258, 79 S.Ct. 1283 (1959); *United States v. Lanza*, 260 U.S. 377, 67 L.Ed. 314, 43 S.Ct. 141 (1922); *State v. Lassiter*, 198 N.C. 352, 151 S.E. 721 (1930).

Reversed.

Judges MARTIN and PARKER concur.