STATE OF NORTH CAROLINA v. DANA LEMLY COOKE

No. 8721SC285

(Filed 17 November 1987)

**Criminal Law § 138.23— aggravating factor for rape—use of deadly weapon—steak knife**

> The trial court properly found as an aggravating factor for second degree rape that defendant employed a deadly weapon during the commission of the crime based upon a description of the instrument used by defendant as a "steak knife," the manner in which the knife was used to threaten the victim, and the victim's frightened condition.

APPEAL by defendant from *Morgan, Judge*. Judgment entered 15 December 1986 in Superior Court, FORSYTH County. Heard in the Court of Appeals 23 September 1987.

Defendant was charged in a proper bill of indictment with first-degree rape. He pleaded guilty to second-degree rape. The testimony offered by the State at the sentencing hearing consisted of a summary of the State's proposed evidence by the assistant district attorney comprised of the statements made by the victim and Kenneth Cox to police. Although the two statements differed somewhat, the narrative tended to show the following:

On or about 2 August 1986, the victim was awakened about 3:30 a.m. by loud noises outside her apartment. She went to her

window where she observed Kenneth Cox and a man, later identified as defendant, outside her door. The victim did not open the door because the men appeared to have been drinking. After a period of time, the men started to leave. As they did, they started pushing the victim's baby stroller up the street. The victim then went outside and told the men to bring back the stroller.

When they returned with the stroller, defendant tried to put his hands on the victim. The men then followed the victim into her apartment. Once in the dwelling, defendant "started acting crazy." He told the victim that he wanted to have sex with her and told her if she refused he would force her.

Defendant hit the victim's male companion, Richard Hatcher, in the face. Defendant then grabbed a knife, described by the victim as a "steak knife," off of the counter, put the knife to Hatcher's throat and threatened to kill him unless the victim agreed to have sex with him. Defendant also placed the knife against the victim's throat and threatened her. He then took her into a bedroom and raped her.

The State offered no other description of the knife and the knife was not introduced into evidence. The State also presented evidence of defendant's criminal record.

Defendant offered evidence tending to show that he was married and had two children. At the time of the incident, defendant was drinking heavily because he was depressed over his inability to work and support his family. He also offered evidence that when he was not under the influence of alcohol he was a law-abiding citizen with a good reputation.

At the sentencing hearing the trial court found factors in aggravation and mitigation. One of the aggravating factors found was that "at the time the defendant employed a deadly weapon in the commission of this crime." After finding that the aggravating factors outweighed the mitigating factors, the trial court imposed a twenty-year prison sentence, a sentence in excess of the presumptive term. From this judgment, defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Elisha H. Bunting, Jr., for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., for defendant-appellant.*

ORR, Judge.

On appeal defendant contends the trial court erred in finding as a factor in aggravation that he employed a deadly weapon during the commission of the crime.

Aggravating factors which are found must be supported by a preponderance of the evidence. *State v. Teague*, 60 N.C. App. 755, 300 S.E. 2d 7 (1983). Defendant does not challenge the admissibility or accuracy of the State's narrative. He neither objected to nor contradicted any portion thereof. His sole contention is that the narrative was insufficient to support the trial court's finding that the knife was a deadly weapon.

A knife may be, but is not always, a deadly weapon. *See State v. Carson*, 296 N.C. 31, 249 S.E. 2d 417 (1978). "[T]he evidence in each case determines whether a certain kind of knife is properly characterized as a lethal device as a matter of law . . . ." *State v. Sturdivant*, 304 N.C. 293, 301, 283 S.E. 2d 719, 726 (1981). N.C.G.S. § 15A-1334(b) sets forth the procedure at the sentencing hearing. There defendant and the prosecutor *may* present witnesses and arguments on facts relevant to the sentencing hearing. However, the "formal rules of evidence do not apply at the hearing." *Id.*

In the case *sub judice*, the prosecutor chose to relate to the court a narrative of the testimony that the victim and Kenneth Cox would have given. Defendant chose to introduce three character witnesses. At no time did defendant challenge or question the prosecutor's description of the knife or its use by defendant to threaten the victim and her companion.

Under N.C.G.S. § 15A-1340.4(a) the trial judge in considering aggravating and mitigating factors, must find that those factors exist "by the preponderance of the evidence . . . ." In this case all the evidence was uncontradicted that defendant used a knife, described by the victim as a "steak knife," to threaten the victim and to facilitate the act of raping her. The trial court, taking into consideration the everyday use of the term "steak knife" and the utilization of the weapon by defendant, had adequate evidence upon which to base its factual determination that a deadly weapon was used in the commission of the crime.

This Court stated in *State v. Parker*, 7 N.C. App. 191, 171 S.E. 2d 665 (1970) that:

> [t]he deadly character of the weapon depends sometimes more upon the manner of its use, and the condition of the person assaulted, than upon the intrinsic character of the weapon itself.

7 N.C. App. at 195, 171 S.E. 2d at 667.

Here the victim was threatened with her life at knife point at 3:30 a.m. in her own apartment by a man acting in what can reasonably be described as a drunken rage. He deliberately placed the knife against her throat to overcome her resistance. As a result, she submitted to his demands. We believe the manner of use, the description of the instrument as a "steak knife," and the victim's frightened condition permitted the trial court to reasonably find by a preponderance of the evidence that defendant employed a deadly weapon in the commission of the crime.

Affirmed.

Chief Judge HEDRICK and Judge ARNOLD concur.