In re: RUSSELL A. COBB, JR., D.C., Petitioner

No. 9018SC834

(Filed 2 April 1991)

**Constitutional Law § 172 (NCI4th)— conviction under federal statute — subsequent disciplinary sanction under state statute — no double jeopardy**

A conviction under a federal statute followed by disciplinary sanctions by the Board of Chiropractic Examiners pursuant to a state statute for the same conduct does not violate the double jeopardy clause. N.C.G.S. § 90-154(b)(2).

**Am Jur 2d, Criminal Law § 249; Physicians, Surgeons, and Other Healers § 74.**

APPEAL by petitioner from judgment entered 17 May 1990 by Judge *William H. Freeman* in GUILFORD County Superior Court. Heard in the Court of Appeals 14 February 1991.

On 3 October 1988, petitioner entered a guilty plea to three counts of wire fraud in violation of 18 U.S.C. § 1343. On 13 October 1988, Darrell A. Trull, D.C., filed a disciplinary complaint with the North Carolina Board of Chiropractic Examiners charging petitioner with a violation of N.C. Gen. Stat. § 90-154(b)(2). On 29 May 1989, petitioner entered a plea of guilty to the violation. Follow-

IN RE COBB

[102 N.C. App. 466 (1991)]

ing a hearing, the Board concluded that a violation of 18 U.S.C. § 1343 "constitutes 'conviction of a felony' within the meaning of G.S. 90-154(b)(2)" and thus he was found guilty of violating § 90-154(b)(2). The Board ordered a disciplinary sanction of a five-year license suspension but suspended this sanction and placed petitioner on probation with a 90-day active suspension.

Petitioner filed this petition for judicial review of the Board's decision. He simultaneously filed for and was granted a temporary restraining order staying the enforcement of the Board's decision, which was periodically extended by stipulation of the parties pending judicial review. The trial court affirmed the Board's decision.

From this judgment, petitioner appeals.

*Harris and Iorio, by John S. Iorio and Douglas S. Harris, for petitioner-appellant.*

*Vance C. Kinlaw for respondent-appellant.*

ORR, Judge.

On appeal, petitioner assigns as error the Board's decision rendering a disciplinary sanction of a five-year license suspension suspended with probation and a 90-day active suspension. Petitioner contends this sanction constitutes punishment for his violation of 18 U.S.C. § 1343 and violates the constitutional prohibition against double jeopardy on the grounds that he has already been punished for these federal crimes. U.S. Const. amend. V; N.C. Const. art. I, § 19. We disagree.

The scope of our review is governed by the North Carolina Administrative Procedure Act which provides that a reviewing court may reverse an agency's decision if the agency decision has prejudiced "substantial rights" because it is "in violation of constitutional provisions." N.C. Gen. Stat. § 150B-51(b)(1) (1987).

The prohibition against double jeopardy protects against "multiple punishments for the same offense." *United States v. Halper*, 490 U.S. 435, 440, 104 L.Ed.2d 487, 496 (1989). The U.S. Supreme Court has held that "two identical offenses are *not* the 'same offence' within the meaning of the Double Jeopardy Clause if they are prosecuted by different sovereigns." *Heath v. Alabama*, 474 U.S. 82, 92, 88 L.Ed.2d 387, 396 (1985). "[T]he States are separate

**IN RE COBB**

[102 N.C. App. 466 (1991)]

sovereigns with respect to the Federal Government." *Id.* at 89, 88 L.Ed.2d at 394.

In *State v. Myers*, 82 N.C. App. 299, 346 S.E.2d 273 (1986), the defendant was convicted of violating 18 U.S.C. § 2113(d) and was indicted for the same robbery in violation of N.C. Gen. Stat. § 14-87. This Court held that the offense for which the defendant was being prosecuted was not the "same offense" he had been punished for in federal court where he was convicted of violating federal law. *Id.* at 299, 346 S.E.2d at 273. This Court stated:

> Though the act committed is the same in both cases, the *offense* is not. In its legal signification, of course, an *offense*, or crime, is not merely a bad act of some kind, it is the violation of a *law*. All sovereign states, and it is fundamental to our system of government that the United States of America and the various states are separate, distinct sovereign states, have the power to enact laws and prosecute those who violate them; and it is no bar to a prosecution that the offender has already been punished for the same act by another sovereign. [Citations omitted.]

*Id.* at 300, 346 S.E.2d at 273-74.

Here petitioner was first convicted of violating federal law and then was sanctioned pursuant to N.C. Gen. Stat. § 90-154 (1990). Petitioner argues that *Myers* does not apply on the grounds that his conviction under the federal statute itself is the grounds for the sanction pursuant to N.C. Gen. Stat. § 90-154 and thus the State is "piggy-backing on a Federal investigation and proceeding, and enhancing the defendant's punishment." Petitioner argues that "when the Sovereignty of North Carolina has borrowed from the Sovereignty of the United States by using a violation of the U.S. Code as a basis for a State sentence, then the State clearly subjects itself to the issue of double jeopardy, regardless of the existence of separate sovereigns." Petitioner cites no authority for this contention, and as stated above, a state is a separate sovereign from the federal government. *See Heath*, 474 U.S. at 89, 88 L.Ed.2d at 394.

Under N.C. Gen. Stat. § 90-154(b), the Board of Chiropractic Examiners may impose sanctions where a practitioner has been "convict[ed] of a felony or of a crime involving moral turpitude." Thus, § 90-154 provides disciplinary sanctions for the conviction of *any* felony. Title 18, U.S.C. § 1343 sets forth the penalty for

the transmission by wire in interstate commerce to further a scheme to obtain money by false pretenses. Here, not only are the "offenses" not identical, but, more importantly, as stated above, two separate sovereigns are involved.

Furthermore, our Supreme Court has held that where a defendant had been punished under prison rules for escape and then was convicted of felonious escape and sentenced, there was no double jeopardy violation since the prison rules involved were "administrative and not judicial." *State v. Shoemaker*, 273 N.C. 475, 477, 160 S.E.2d 281, 282 (1968). Although the U.S. Supreme Court has held "that under the Double Jeopardy Clause a defendant who already has been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction may not fairly be characterized as remedial, but only as a deterrent or retribution," *Halper*, 490 U.S. at 448-49, 104 L.Ed.2d at 502, the disciplinary sanction in the present case does not amount to "punishment" but instead is remedial. In *Helvering v. Mitchell*, 303 U.S. 391, 399, 82 L.Ed. 917, 922 (1938), the U.S. Supreme Court stated that "revocation of a privilege voluntarily granted" is "characteristically free of the punitive criminal element" and is remedial.

We conclude that a conviction under a federal statute followed by disciplinary sanctions pursuant to a state statute for the same conduct does not violate the double jeopardy clause.

Affirmed.

Judges JOHNSON and PARKER concur.