STATE OF NORTH CAROLINA v. BROADIE SAMPSON, JR.

No. 778SC347

(Filed 19 October 1977)

**1. Kidnapping § 1.2— sufficiency of evidence**

Evidence in a prosecution for kidnapping was sufficient for the jury where it tended to show that defendant, acting in concert with another person, unlawfully restrained and removed the victim from one place to another for the purpose of committing the crime of armed robbery, in violation of G.S. 14-39(a)(2).

**2. Kidnapping § 1.1— victim's testimony—admissibility to show acting in concert**

Testimony by a kidnapping victim as to what defendant's accomplice said during perpetration of the crime was admissible to show that defendant and his accomplice were acting in concert in the commission of the kidnapping.

**3. Criminal Law § 134.2— sentencing—judge other than trial judge—no error**

Defendant was not prejudiced where sentencing was delayed for the purpose of a diagnostic evaluation of defendant, and a different judge other than the trial judge subsequently imposed judgment.

APPEAL by defendant from *Smith, Judge.* Judgment entered 21 January 1977, in Superior Court, WAYNE County. Heard in the Court of Appeals 22 September 1977.

Defendant pled not guilty to the charge of kidnapping (for the purpose of armed robbery) of Riley B. Coker, Jr. on 19 June 1976.

The State's evidence tended to show that on the evening of the date charged Coker, age 18, in the parking lot of an arcade and pool hall known as Byrd's, was requested by defendant to get in his car so that defendant could buy marijuana from him. There were three other passengers in the car. Coker got in the back seat beside Charles Bryant. Defendant started the car, saying they were going off to smoke a joint. Coker requested that defendant let him out of the car, but defendant drove away. Bryant pulled out a pistol, pointed it at Coker and took his wallet containing $25.00 and a bag of marijuana. Bryant told defendant to let Coker out. Defendant stopped the car, and Coker got out, hitched a ride back to Byrd's, and reported the crime to the police. Defendant was arrested soon thereafter, and a bag of marijuana, but no money, was found in his car.

Defendant offered no evidence.

After a verdict of guilty as charged, the trial court (Tillery, Judge) ordered a pre-sentence diagnostic evaluation and delayed sentencing. Defendant was sentenced to imprisonment 78 days later after completion of the evaluation.

*Attorney General Edmisten by Associate Attorney Richard L. Griffin for the State.*

*Barnes, Braswell & Haithcock, P.A. by Michael A. Ellis for defendant appellant.*

CLARK, Judge.

[1] The evidence, considered in the light most favorable to the State, was sufficient to show that defendant, acting in concert with Charles Bryant, unlawfully restrained and removed Coker from one place to another for the purpose of committing the crime of armed robbery, in violation of the new kidnapping statute, G.S. 14-39(a)(2). The trial court properly denied defendant's motions for judgment as of nonsuit and to set aside the verdict.

[2] Defendant assigns as error the admission of Coker's testimony that while riding in the car he heard Charles Bryant tell defendant "that Royal Avenue would be okeah." The witness further testified that defendant drove his car to and on Royal Avenue. The evidence was relevant for the purpose of showing that defendant, operator of his car, followed the advice of Bryant, from which it could be inferred that they were acting in concert in the commission of the kidnapping. Defendant contends that the evidence was inadmissible because it was hearsay. The statement was not objectionable as hearsay because it was offered for a purpose other than that of proving the truth of the matter stated. 1 Stansbury's N.C. Evidence, (Brandis Rev. 1973) § 141.

[3] Defendant contends it was error for a judge other than the trial judge to impose judgment because "the sentencing Judge cannot possibly be as knowledgeable as the trial judge as to the age, character, education, environment, habits, mentality, propensities, and the record of the defendant." The sentencing was delayed for the purpose of a diagnostic evaluation of the defendant. G.S. 148-12 requires that a copy of the diagnostic study

report be transmitted to the trial court. With the benefit of the report the sentencing judge would likely be more knowledgeable as to the factors enumerated than the trial judge who did not have the report. In any event, we find no statutory or case law prohibition against a judge other than the judge who presided at trial imposing judgment. Where the trial judge orders a diagnostic study of a defendant, under our system of rotation and assignment of judges, in most cases the trial judge would not be the sentencing judge because of a substantial delay between verdict and sentencing. Where the sentencing judge is not the judge who presided at trial, he would not have firsthand knowledge of the evidence in the case; but a transcript of the trial, or the testimony of the major witnesses in the trial, or even a summary of the evidence by the prosecuting attorney and defense counsel, would appear to be sufficient to enable the sentencing judge to exercise his sentencing authority with intelligence.

The judgment is not void merely because the trial or plea was before one judge and the sentence was imposed by another. 24 C.J.S. Criminal Law, § 1561. And the defendant in the record on appeal has not in any way supported his contention that the sentencing judge did not have available sufficient information to impose intelligently the judgment appealed from.

No error.

Judges VAUGHN and HEDRICK concur.