STATE OF NORTH CAROLINA v. GERALD MAURICE LEWIS

No. 7821SC326

(Filed 19 September 1978)

**Criminal Law § 134.4— youthful offender—failure to make "no benefit" finding**
   The trial court erred in sentencing the 19 year old defendant to prison without first finding that he would not benefit from treatment and supervision as a committed youthful offender.

APPEAL by defendant from *Long, Judge.* Judgment entered 1 December 1977, in Superior Court, FORSYTH County. Heard in the Court of Appeals 22 August 1978.

Defendant was charged with armed robbery of Bonnie Fishel on 10 August 1977. He was found guilty as charged and appeals from judgment imposing imprisonment.

State v. Lewis

The evidence for the State tends to show that Bonnie Fishel, after leaving a bank, went to her car in the parking lot. Defendant and Reginald Pankey approached, asked for her pocketbook, and ordered her to get in the car. She screamed and ran. Pankey shot her in the arm and hip.

There was another witness to the crime who supported the testimony of Ms. Fishel.

Defendant and Pankey testified that defendant did not participate in the crime, did not know Pankey had a gun, and ran from the scene because he was scared.

*Attorney General Edmisten by Assistant Attorney General Donald W. Grimes for the State.*

*Hatfield and Allman by Donald M. VonCannon for defendant appellant.*

CLARK, Judge.

The only question raised by defendant's exceptions and brought forward in his brief is whether the trial court erred in denying defendant's motions for judgment of nonsuit. The evidence for the State was more than sufficient to require submission to the jury and fully supports the verdict of guilty as charged.

However, it does appear from the warrant for his arrest that defendant's date of birth was 14 October 1958, and he testified that he was 19 years of age. The trial court imposed a prison sentence without finding that the youthful offender would not benefit from treatment and supervision as a committed youthful offender.

This court required such "no benefit" finding in *State v. Mitchell*, 24 N.C. App. 484, 211 S.E. 2d 645 (1975). Such finding is now mandated by G.S. 148-49.14.

In *State v. Niccum*, 293 N.C. 276, 238 S.E. 2d 141 (1977), it was held that G.S. 148-49.14 requiring the "no benefit" finding does not apply to convictions or pleas of guilty for which death or a life sentence is the mandatory punishment.

The trial court having failed to make a "no benefit" finding before imposing the prison sentence, we must remand for *de novo* sentencing hearing. To comply with the statutory mandate of G.S. 148-49.14 the sentencing judge must make a determination of whether the defendant would benefit from treatment and supervision as a committed youthful offender. This determination should be based on the trial evidence and evidence presented in the sentencing hearing. In making this determination circumstances relevant to the imposition of the sentence may be considered by the judge which were not considered by a judge who failed to comply with the statutory mandate in imposing sentence. Fairness to the defendant in imposing sentence requires that the resentencing be *de novo* with the sentencing judge having authority to impose a new sentence rather than limiting resentencing to a determination of whether the youthful offender would benefit from treatment as a committed youthful offender. On resentencing the judge may find that defendant would benefit from treatment as a committed youthful offender and impose a sentence as provided by G.S. 148-49.14, or make a "no benefit" finding and impose the same sentence, or a lesser sentence, or a greater sentence if based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. *See North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed. 2d 656 (1969).

In the case *sub judice*, it appears that the narrative summary of the trial evidence in the record on appeal would provide the sentencing judge with sufficient knowledge of the trial evidence. *See State v. Sampson*, 34 N.C. App. 305, 237 S.E. 2d 883 (1977), *cert. denied*, 294 N.C. 185, 241 S.E. 2d 520 (1978).

No error in the trial, but judgment vacated and remanded for resentencing proceedings and sentencing consistent with this opinion.

Judges PARKER and ERWIN concur.