STATE OF NORTH CAROLINA v. REGINALD SCOTT WATSON

No. 8326SC293

(Filed 6 December 1983)

**Criminal Law § 138.6— resentencing hearing—improper consideration of evidence**

In a resentencing hearing, the trial court erred in refusing to consider evidence of defendant's conduct subsequent to entry of his original sentence, or to consider reduction of his original sentence on the basis thereof.

Judge BECTON concurring.

ON writ of certiorari to review order entered by *Snepp, Judge*. Order entered 24 September 1982 in Superior Court, MECKLENBURG County. Certiorari allowed by the Court of Appeals 18 November 1982. Heard in the Court of Appeals 15 November 1983.

*Attorney General Edmisten, by Special Deputy Attorney General Jo Anne Sanford, for the State.*

*Gillespie & Lesesne, by Louis L. Lesesne, Jr., for defendant appellant.*

WHICHARD, Judge.

I.

Defendant, then eighteen years of age, was convicted of armed robbery and sentenced to imprisonment of from fifty to seventy years. On appeal by defendant and a co-defendant, this court remanded for resentencing because the trial court sentenced the defendants as adult offenders without first finding that they would not benefit from the treatment provided youthful offenders in G.S. 148-49.10 *et seq. State v. Drakeford*, 37 N.C. App. 340, 347-48, 246 S.E. 2d 55, 60 (1978).

Upon resentencing the trial court determined that defendant would not benefit from resentencing as a youthful offender. It further ruled that, as a matter of law, it was without authority to sentence defendant *de novo*.

Subsequent to that resentencing, this Court held that a resentencing hearing upon remand for a finding under the youthful offender statute is to be *de novo*, and that the court can enhance or reduce the sentence "if based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." *State v. Lewis*, 38 N.C. App. 108, 110, 247 S.E. 2d 282, 284 (1978). The trial court thereafter found that defendant had filed a motion for appropriate relief which alleged sufficient grounds for a resentencing hearing, and it ordered that a hearing for that purpose be held. At that hearing counsel for defendant asked for "some reduction of the original sentence." The court declined the request, stating, *inter alia*:

Now, I'm not sitting here as the Board of Parole to recommend commutation of sentence. I'm sitting here on a resentencing hearing as to the situation at the time of the original offense. . . . I'm not here about what has happened to him since then. This is a resentencing based on factors relative to sentencing as they appeared when he was sentenced.

. . . .

I'm not considering what he's done since he's been in prison or what his correction officials say. Those are matters for the Board of Parole under the law. The only thing before me is whether this sentence at the time, and considering resentence and the factors and things that are relevant to criminal sentences, have been supported by the Judge's action at that time, supported by the evidence before him.

. . . .

I can't sit as a Board of Paroles and recommend commutation of the sentence.

. . . .

I'm going to let the sentence stand as it is.

It thereupon ordered that the motion for resentencing be denied, and that the original judgment be confirmed.

Defendant appeals from this order.

## II.

In *State v. Lewis, supra,* this Court stated:

In making [the] determination [of "benefit" or "no benefit" pursuant to G.S. 148-49.10 *et seq.*] circumstances relevant to the imposition of the sentence may be considered by the judge *which were not considered by a judge who failed to comply with the statutory mandate in imposing sentence.* Fairness to the defendant in imposing sentence requires that the resentencing be *de novo* with the sentencing judge *having authority to impose a new sentence* rather than limiting resentencing to a determination of whether the youthful offender would benefit from treatment as a committed youthful

offender. On resentencing the judge may find that defendant would benefit from treatment as a committed youthful offender and impose a sentence as provided by G.S. 148-49.14, or make a 'no benefit' finding and impose the same sentence, *or a lesser sentence,* or a greater sentence *if based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding.*

*Id.* (emphasis supplied).

It appears from the trial court's resentencing hearing statements, quoted above, that it refused to consider evidence of defendant's conduct subsequent to entry of his original sentence, or to consider reduction of his original sentence on the basis thereof, on the ground that it lacked legal authority to do so. Under *State v. Lewis, supra,* it had that authority. The resentencing having thus apparently been performed pursuant to a misapprehension of the applicable law, the cause is remanded for resentencing.

The court has the authority to reimpose the original sentence if it chooses. *Id.* It must do so, however, if at all, in cognizance of its authority to do otherwise if "objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding" so indicates. *Id.*

Remanded for resentencing.

Judges HEDRICK and BECTON concur.

Judge BECTON concurring.

Although I find the trial court's reasoning sound, I am compelled to concur on the basis of this Court's decision in *State v. Lewis,* 38 N.C. App. 108, 247 S.E. 2d 282 (1978).