STATE OF NORTH CAROLINA v. JOHN RICHARD MITCHELL

No. 8321SC975

(Filed 3 April 1984)

**Criminal Law § 138— new sentencing hearing—fewer aggravating factors—same sentence as first hearing—no error**

> There was no merit to defendant's contention that it was error for a trial judge to impose the identical length of sentence on resentencing where at the first sentencing hearing the trial court found six aggravating factors and two mitigating factors while at the second hearing two aggravating factors and

two mitigating factors were found since it is the proper function of the trial judge to determine how to weigh and balance any finding of aggravating and mitigating circumstances in a sentencing hearing, and the evidence supported the findings in this case.

APPEAL by defendant from *Albright, Judge.* Judgment entered 9 June 1983 in Superior Court, FORSYTH County. Heard in the Court of Appeals 13 March 1984.

*Attorney General Rufus L. Edmisten by Associate Attorney David E. Broome, Jr., for the State.*

*Gordon H. Brown for defendant appellant.*

BRASWELL, Judge.

This is the second appeal of the same case. *See State v. Mitchell,* 62 N.C. App. 21, 302 S.E. 2d 265 (1983). In the first appeal we found no error in defendant's trial but remanded for a new sentencing hearing because of errors in the finding of certain aggravating factors. The new hearing on sentencing took place on 9 June 1983 before the same Superior Court Judge.

Mitchell was convicted and sentenced for the felony of involuntary manslaughter, which carries a statutory maximum term of 10 years and a presumptive term of 3 years. G.S. 14-18, Class H felony. The active time portion of the new sentence was 7 years, which was the identical length of sentence imposed at the first hearing on 23 April 1982.

At the first hearing six aggravating factors and two mitigating factors were found. At the second hearing two aggravating and two mitigating factors were found. On each occasion the trial judge found that the factors in aggravation outweighed factors in mitigation and that all factors found were proven by a preponderance of the evidence.

This appeal challenges the balancing process of factors found in aggravation and mitigation. In essence, the defendant argues that it is error for a trial judge to impose the identical length of sentence on resentencing. In principle, the defendant argues that with the evidence being basically the same for both hearings, and with a reduction in the number of aggravating factors from six to two, he should automatically be entitled to some unspecified

State v. Mitchell

reduction from the original 7-year sentence. We reject this line of argument.

For all intents and purposes the resentencing hearing is *de novo* as to the appropriate sentence. *See State v. Watson,* 65 N.C. App. 411, 413, 309 S.E. 2d 3, 4 (1983); *State v. Lewis,* 38 N.C. App. 108, 247 S.E. 2d 282 (1978). On resentencing the judge makes a new and fresh determination of the presence in the evidence of aggravating and mitigating factors. The judge has discretion to accord to a given factor either more or less weight than a judge, or the same judge, may have given at the first hearing. However, in the process of weighing and balancing the factors found on rehearing the judge cannot impose a sentence greater than the original sentence. G.S. 15A-1335. This statute (passed in 1977) overrides the ability to enhance a sentence on rehearing that *Lewis, supra,* suggests could be done. As the official commentary to this statute indicates, North Carolina has changed that part of the case of *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed. 2d 656 (1969), which would have allowed a more severe sentence for intervening factors. In simple words, on resentencing, a trial judge cannot impose a term of years greater than the term of years imposed by the original sentence, regardless of whether the new aggravating factors occurred before or after the date of the original sentence. It is possible for a judge to find six aggravating factors proven by the evidence and yet in the balancing process attach great weight to only one out of the six factors and insignificant weight to the remaining five factors. The law does not require the judge to specify in his sentence which certain factor he considers to be the most significant or to list the factors in order of importance. The judge is only required to find that the specific factors he lists are proven by a preponderance of the evidence. G.S. 15A-1340.4(a) and (b). As has been stated before, one aggravating factor may outweigh two or more mitigating factors (and vice versa) in the process of balancing the weight to be given any factor, and in determining the sentence to be imposed. *State v. Ahearn,* 307 N.C. 584, 597, 300 S.E. 2d 689, 697 (1983); *State v. Baucom,* --- N.C. App. ---, 311 S.E. 2d 73 (1984). As made plain in *Baucom, Id.* at ---, 311 S.E. 2d at 75, " 'The balance struck by the trial judge will not be disturbed if there is support in the record for his determination. [Citations omitted.]' "

In the appeal before us the judge found these factors in aggravation:

15. The defendant has a prior conviction or convictions for criminal offenses punishable by more than 60 days' confinement. The court considered no prior conviction wherein the defendant was not represented by counsel. In all prior convictions considered the defendant was in fact represented by counsel.

[16] a. The defendant has a long history of habitual and presistent [*sic*] disregard of the motor vehicle laws and rules of the road resulting in at least 10 previous license suspensions or revocations.

The mitigating factors found are:

13. The defendant has been a person of good character or has had a good reputation in the community in which he lives.

[15] a. The defendant has a good employment record.

These two aggravating factors were among those found at the first hearing. In the first appeal these same factors were analyzed and found to be without error. Thus, under the doctrine of the law of the case the earlier ruling of approval is binding upon us. However, defendant asserts that there is no evidence to support finding 16.a. that he habitually and persistently disregarded the motor vehicle laws and rules of the road. To this argument we point out that the record on appeal contains the defendant's Drivers License Record Check of the North Carolina Division of Motor Vehicles, which shows a specific conviction date for 33 motor vehicle violations, including two license revocations and eight license suspensions. All of these 33 matters are prior to the occurrence of the offenses now in question. This was more than ample evidence upon which the court could find the existence of the non-statutory aggravating factor by a preponderance of the evidence. As we look further into the record we note these remarks by defense counsel:

He's got a big failing. That was regarding alcohol. No question about it. If you'll look at his record, he's got a traffic record, a lot of which was around the use of alcohol. No ex-

cuse for anything, no mitigation for anything; but he's not what you might call a hardened criminal.

We hold that it is a proper function of the trial judge to determine how to weigh and balance any finding of aggravating and mitigating circumstances in a sentencing hearing, during the original and on any resentencing. The evidence supports the findings in this case. The trial judge did not abuse his discretion, but exercised it and recorded for appellate review the factors so found. For an acknowledgment by our Supreme Court that all discretion in sentencing has not been removed by the Fair Sentencing Act from the trial judge, *see State v. Ahearn, supra,* at 596-97, 300 S.E. 2d at 697.

Affirmed.

Judges ARNOLD and WELLS concur.