STATE OF NORTH CAROLINA v. FRANK ELWIN CORLEY

No. 8428SC916

(Filed 18 June 1985)

1. **Criminal Law § 138— resentencing hearing—mitigating factor—prison conduct after original sentencing**

   The trial court erred in failing to consider defendant's prison conduct between the original sentencing hearing and the resentencing hearing for purposes of mitigation where defendant's trial counsel requested the court to consider defendant's good prison record as a mitigating factor, and defendant offered a letter from the prison director stating that defendant had obtained his high school equivalency diploma as an honors student while in prison, that he had been given a job in the prison canteen involving significant responsibility, and that he had committed no infractions.

2. **Criminal Law § 138— aggravating factor—use of or armed with gun**

   Although there was evidence to support a finding that defendant was "armed with" a gun during a kidnapping, the evidence did not support a finding that defendant "used" the gun during the kidnapping. G.S. 15A-1340.4(a)(1).

3. **Criminal Law § 138— consolidated sentence—separate findings of aggravating and mitigating factors**

   Where the trial court consolidated kidnapping and larceny charges for sentencing, the court should have made separate findings in aggravation and mitigation as to each offense.

4. **Criminal Law § 138— aggravating factor outweighing eleven mitigating factors**

   The trial court did not abuse its discretion in finding that a single aggravating factor outweighed the eleven factors found in mitigation.

   Judge PARKER dissenting in part and concurring in part.

APPEAL by defendant from *Robert D. Lewis, Judge.* Judgment entered 17 February 1984 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 14 March 1985.

*Attorney General Thornburg, by Assistant Attorney General Nonnie F. Midgette, for the State.*

*Appellate Defender Adam Stein, by First Assistant Appellate Defender Malcolm Ray Hunter, Jr., for defendant appellant.*

BECTON, Judge.

I

This case presents an appeal from a sentence imposed at a resentencing hearing governed by the Fair Sentencing Act. The evidence presented at trial is recited in the earlier appeal of this matter, *State v. Corley,* 310 N.C. 40, 311 S.E. 2d 540 (1984), and we have incorporated into the body of this opinion only such facts as we find necessary to an understanding of the questions presented for our review.

The defendant was convicted of first degree murder, first degree kidnapping, and felony larceny. The jury recommended a life sentence for the murder, and the trial court consolidated the remaining two convictions and imposed a 30-year sentence to begin at the expiration of the life term. On appeal, our Supreme Court affirmed the convictions of murder and larceny, reduced the kidnapping conviction from first degree to second degree, and remanded the kidnapping and larceny charges for a new sentencing hearing. *State v. Corley.*

At the resentencing hearing, the parties relied upon evidence that had been presented at trial and at the original hearing. In addition, the defendant presented evidence concerning his good behavior in prison since the imposition of the original sentence. The kidnapping and larceny charges were again consolidated for sentencing. The trial court found eleven mitigating factors and one aggravating factor, and concluded that the factor in aggravation outweighed those in mitigation and imposed the maximum 30-year sentence for second degree kidnapping on the consolidated charges.

The defendant appeals, arguing that the trial court committed reversible error in (1) failing to consider defendant's good record in prison between the first and second sentencing hearings as a nonstatutory mitigating factor; (2) finding as an aggravating factor as to the kidnapping charge that defendant used a deadly weapon; (3) failing to make separate findings in aggravation and mitigation for each of the consolidated offenses; and (4) imposing a 30-year sentence for second degree kidnapping and larceny. We agree that it was prejudicial error for the trial court to refuse to consider evidence of defendant's prison conduct between sentencing hearings, and it is on that basis we remand this case for resentencing. As defendant's other assignments of error pertain to matters that may recur on remand, we also address them briefly.

## II

[1] Defendant first argues that it was reversible error for the trial court to fail to consider his prison conduct between the original sentencing hearing and the resentencing hearing for purposes of mitigation. We agree.

The trial court should find a nonstatutory mitigating factor when defense counsel has made a specific request therefor, and when the evidence is substantial, uncontradicted, and manifestly credible. *See State v. Gardner*, 312 N.C. 70, 320 S.E. 2d 688 (1984). To permit the trial court to ignore such evidence would eviscerate the Fair Sentencing Act. *State v. Jones*, 309 N.C. 214, 306 S.E. 2d 451 (1983). Here, the record shows that defendant's trial counsel requested that the court consider in mitigation of defendant's sentence the fact that defendant maintained a good prison record between the time of his commitment and the date of the resentencing hearing. The evidence offered in support of this factor was a letter from the prison director stating that while imprisoned, defendant had obtained his high school equivalency diploma as an honors student, that he had been given a job in the prison canteen involving significant responsibility, and that he had committed no infractions. The State did not contest the veracity of this evidence; instead, the prosecutor argued that it was an improper basis for a mitigating factor as the defendant was merely doing, under compulsion, what was expected of him.

In our opinion, defendant has met his burden of persuasion concerning his conduct in prison, *viz.*, that the evidence so clearly

establishes the facts in issue that no reasonable inferences to the contrary may be drawn, and that the credibility of the evidence is manifest as a matter of law. *State v. Jones.* And when, as here, the defendant has met this burden of persuasion, the only question remaining is whether the facts shown are of mitigating value. In this connection, the following comments concerning resentencing under the Fair Sentencing Act, are enlightening:

> For all intents and purposes the resentencing hearing is *de novo* as to the appropriate sentence. *See State v. Watson,* 65 N.C. App. 411, 413, 309 S.E. 2d 3, 4 (1983); *State v. Lewis,* 38 N.C. App. 108, 247 S.E. 2d 282 (1978). On resentencing the judge makes a new and fresh determination of the presence in the evidence of aggravating and mitigating factors. The judge has discretion to accord to a given factor either more or less weight than a judge, or the same judge, may have given at the first hearing, [although] in the process of weighing and balancing the factors on rehearing the judge cannot impose a sentence greater than the original sentence.

*State v. Mitchell,* 67 N.C. App. 549, 551, 313 S.E. 2d 201, 202 (1984).

The cases relied upon in *State v. Mitchell, State v. Watson* and *State v. Lewis,* held that upon rehearing, an earlier sentence could be modified "if based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing." *State v. Lewis,* 38 N.C. App. at 110, 247 S.E. 2d at 284. This "identifiable conduct" includes evidence of a defendant's behavior while incarcerated. *State v. Watson. See also State v. Stone,* 71 N.C. App. 417, 322 S.E. 2d 413 (1984) (resentencing judge made finding in mitigation based upon evidence of defendant's post-conviction behavior, which included prison records, although he declined to accord the finding any weight).

Thus, the substantial and uncontradicted evidence presented by the defendant was of mitigating value, yet none of the eleven factors in mitigation found by the trial court is directed to defendant's conduct in prison. The trial court found that the factor in aggravation outweighed those in mitigation, and imposed a sentence in excess of the presumptive. We cannot say that the trial judge would not have been influenced by an additional mitigating factor.

Therefore, as the defendant may have suffered prejudice from the court's failure to make a finding in mitigation relating to his post-conviction behavior, he is entitled to a new sentencing hearing.

### III

We briefly comment on defendant's other assignments of error.

[2] First, defendant argues that the trial court's single finding in aggravation, that "[t]he defendant used a deadly weapon at the time of the crimes," was improper as to the kidnapping because the defendant did not *use* a deadly weapon during the kidnapping. N.C. Gen. Stat. Sec. 15A-1340.4(a)(1) (1983) includes in its list of aggravating factors: (i) "The defendant was armed with or used a deadly weapon at the time of the crime." We point out that although there was evidence to support a finding that the defendant was *armed with* a gun during the kidnapping, the evidence does not suggest the disjunctive part of the statute, that defendant *used* the gun during the kidnapping.

[3] Next, defendant argues that the trial court committed reversible error in failing to make separate findings in aggravation and mitigation for each of the consolidated offenses. We are aware that a failure to make such separate findings will be deemed harmless error when the factors as found apply equally to each of the consolidated offenses, *State v. Higson*, 310 N.C. 418, 312 S.E. 2d 437 (1984), as is arguably the case here. However, we emphasize the continuing vitality of the rule of law governing the sentencing of consolidated offenses found in *State v. Ahearn*, 307 N.C. 584, 300 S.E. 2d 689 (1983), namely, that in order to support a sentence for consolidated offenses varying from the presumptive, "each offense . . . must be treated separately, and separately supported by findings tailored to the individual offense and applicable only to that offense." *Id.* at 598, 300 S.E. 2d at 698. On remand, the trial court should accord each offense separate treatment, as *Ahearn* dictates. We also discourage the practice used by the trial court at the first resentencing — striking out the singular word "crime" on the form typically used for Fair Sentencing Act felonies, and typing in "crimes."

[4] Finally, the defendant contends that it was a reversible abuse of discretion for the trial court to impose a 30-year

sentence for the consolidated offenses by concluding that the single aggravating factor outweighed the eleven found in mitigation. Suffice it to say that the weight to be given any particular factor rests in the trial court's sound discretion, and the balance struck by the court will not be disturbed if there is support in the record for the determination. *State v. Ahearn.* *Accord State v. Baucom*, 66 N.C. App. 298, 311 S.E. 2d 73 (1984) (only one factor in aggravation needed to support sentence greater than presumptive).

Remanded for resentencing.

Judge WEBB concurs.

Judge PARKER dissents.

Judge PARKER dissenting in part and concurring in part.

I disagree with the holding of the majority that the trial judge erred in failing to find a nonstatutory mitigating factor. The majority opinion relies on *State v. Jones*, 309 N.C. 214, 306 S.E. 2d 451 (1983) and *State v. Gardner*, 312 N.C. 70, 320 S.E. 2d 688 (1984), to support the holding that defendant is entitled to a new sentencing hearing based on the trial judge's failure to find defendant's good postconviction prison conduct as a nonstatutory mitigating factor. These cases do not, in my judgment, support such conclusion.

In *State v. Jones* the defendant assigned error to the trial judge's failure to find as a mitigating factor, set forth in G.S. 15A-1340.4(a)(2)(c), that "[t]he defendant was a passive participant or played a minor role in the commission of the offense." Our Supreme Court held that when evidence in support of a statutory aggravating or mitigating factor was uncontradicted, substantial and credible, the sentencing judge errs if he fails to find this statutory factor, and "to permit the sentencing judge simply to ignore it would eviscerate the Fair Sentencing Act." *State v. Jones*, 309 N.C. at 219, 306 S.E. 2d at 454. Similarly, in *State v. Gardner* our Supreme Court held that the trial court erred in failing to find, *ex mero motu*, that "the defendant voluntarily acknowledged wrongdoing in connection with the offense to a law enforcement officer," G.S. 15A-1340.4(a)(2)(1), when the substantial, uncon-

tradicted and manifestly credible evidence supported such find-ing. The court concluded:

> We wish to make it abundantly clear that the duty of the trial judge to find a mitigating factor that has not been sub-mitted by defendant arises only when the evidence offered at the sentencing hearing supports the existence of a mitigating factor *specifically listed in N.C. Gen. Stat. § 15A-1340.4(a)(2)* and when the defendant meets the burden of proof estab-lished in *State v. Jones*, 309 N.C. 214, 306 S.E. 2d 451 (1983). The trial judge is not required to consider whether the evi-dence supports the existence of non-statutory mitigating fac-tors in the absence of specific request by defense counsel.

*State v. Gardner*, 312 N.C. at 73, 320 S.E. 2d at 690. The last sentence does not, as the majority opinion suggests, impose a duty on the trial judge to find a nonstatutory mitigating factor. Rather, it simply provides that if defense counsel fails to request such finding, the trial judge is not required to consider whether the evidence supports the nonstatutory mitigating factor.

As our Supreme Court explained in *State v. Melton*, 307 N.C. 370, 298 S.E. 2d 673 (1983), if the judge imposes a term different from the presumptive term, he must consider the statutory ag-gravating and mitigating factors, and he may consider nonstat-utory factors that he finds proved by the preponderance of the evidence and reasonably related to the purposes of sentencing. I find no North Carolina case which imposes a duty on a sentencing judge to find a nonstatutory mitigating factor, and I read G.S. 15A-1340.4(a) as allowing, rather than requiring, nonstatutory fac-tors to be considered. Moreover, in my opinion, the following cases relied upon by the majority, *State v. Watson*, 65 N.C. App. 411, 309 S.E. 2d 2 (1983) and *State v. Lewis*, 38 N.C. App. 108, 247 S.E. 2d 282 (1978), which are not Fair Sentencing Act cases, have little relevance to the instant case. Both of these cases involved the trial court's failure to make a "no benefit" finding as required under G.S. 148-49.14, and were remanded by this court for a *de novo* sentencing hearing. Neither case addressed the issue of postconviction behavior as a mitigating factor in sentencing a defendant under the Fair Sentencing Act.

In *State v. Stone*, 71 N.C. App. 417, 322 S.E. 2d 413 (1984), also cited by the majority, the defendant assigned error to the

trial court's failure to consider and give weight to his postconviction behavior as a nonstatutory mitigating factor. The trial judge found these factors in mitigation, but declined to give them any weight because "these are matters to be considered by the Board of Parole as they occurred after sentence was imposed [on 19 July 1982, and] [h]e is not entitled to consideration twice." This court found that the trial judge was within his discretion in failing to give weight to the nonstatutory mitigating factors and agreed that it was a matter to be considered by the Department of Correction in awarding "gain time" and "good time."

I do not find that the trial court erred in failing to find defendant's postconviction conduct as a nonstatutory mitigating factor. In my view, finding or refusing to find a nonstatutory mitigating factor is entirely within the trial judge's discretion and not reviewable on appeal.

The majority also observes that the trial judge erred in finding, as a factor in aggravation, that "[t]he defendant used a deadly weapon at the time of the crimes." I agree with the majority that there was no evidence that defendant used his gun during the kidnapping. The finding in aggravation is, however, appropriate for the larceny offense. In his statement made to Detective Ted Lambert, defendant said, "We traveled a distance of about 8 miles. There was a house there and I told Ted that was my mother's house. We pulled up in the driveway and I opened my door and said, 'Ted you don't know me very well. I don't want to use this gun. I just want you to get out.' He didn't get out."

Nevertheless, the case must be remanded for resentencing since the offenses were consolidated for judgment.