STATE OF NORTH CAROLINA v. KERRY LEMAR MORSTON

No. COA12-133

(Filed 3 July 2012)

### 1. Sentencing—resentencing—same sentence—no failure to exercise discretion

The resentencing court properly conducted a *de novo* resentencing hearing and did not abuse its discretion or act under a misapprehension of the law where the court clearly considered new evidence and made new determinations. Resentencing a defendant to the same sentence is not *ipso facto* evidence of any failure to exercise independent decision-making or to conduct a *de novo* review.

### 2. Sentencing—resentencing—failure to find same mitigating factor

The trial court did not err by declining to find the limited mental capacity mitigating factor at a resentencing hearing, even though the same judge had found that factor at a prior sentencing hearing on what defendant contends was the same evidence. The evidence at the resentencing did not substantially show that defendant had a limited capacity at the time of the offenses.

**3. Sentencing—aggravating and mitigating factors—weight attached to one factor**

The trial court did not abuse its discretion by attaching more weight to the one aggravating factor over the mitigating factors and sentencing defendant to consecutive terms greater than the presumptive range where the one aggravating factor was that defendant had prior convictions resulting in sentences of more than sixty days. A trial court's weighing of aggravating and mitigating factors will not be disturbed on appeal unless it is manifestly unsupported by reason or so arbitrary that it could not have been the result of a reasonable decision.

Appeal by defendant from judgments entered 15 June 2011 by Judge B. Craig Ellis in Hoke County Superior Court. Heard in the Court of Appeals 24 May 2012.

*Attorney General Roy Cooper, by Assistant Attorney General Kathleen N. Bolton, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Daniel R. Pollitt, for defendant appellant.*

McCULLOUGH, Judge.

Kerry Lemar Morston ("defendant") appeals his sentences entered 15 June 2011 based on convictions for conspiracy to commit murder, assault with a deadly weapon with intent to kill inflicting serious injury ("AWDWIKISI"), and discharging a firearm into occupied property. Defendant received a sentence of thirty years for conspiracy to commit murder, twenty years for AWDWIKISI, and ten years for discharging a firearm into occupied property. Defendant was also convicted of first-degree murder for which he received a sentence of life imprisonment. He does not appeal this sentence. For the following reasons, we affirm the trial court's resentencing of defendant.

## I. Background

Southern Pines Police Officer, Ed Harris, had been investigating drug trafficking involving Bernice McDougald for a period of time. Prior to joining the Southern Pines Police Department, Detective Harris had served as a deputy with the Hoke County Sheriff's Department, and still resided in Hoke County. On the evening of 4 April 1991, Detective Harris and McDougald had an argument in the

STATE v. MORSTON

[221 N.C. App. 464 (2012)]

parking lot of a Southern Pines apartment complex regarding some recent shots fired as well as McDougald's involvement in the drug trade. Soon thereafter, McDougald decided Detective Harris was impeding his business and that he needed to "get rid of" him that night. That same night, McDougald met up with a group of men, including defendant, who planned to kill Detective Harris at his home in Hoke County.

While contemplating the murder of Detective Harris, the group proceeded to drink gin, laced with crack cocaine and Tylenol. At trial, one man testified that defendant's eyes were big and red and that he "looked like he was high." As the men ventured to Harris' house, McDougald gave them an opportunity to back out, but defendant reaffirmed his willingness. After arriving at Harris' house and parking a few blocks away, one of the men knocked on Harris' door. As Harris opened his front door, defendant and McDougald fired multiple shots, hitting Harris between four and five times. Harris' wife, sitting in the family's living room, had one of her fingers severed by a stray bullet. Detective Harris died en route to the hospital. Following the shooting, defendant claimed that he "got him," referring to Detective Harris, and even bragged about it the next day.

On 13 May 1991, defendant was indicted by a grand jury for first-degree murder and conspiracy to commit murder. Subsequently, on 19 August 1991, defendant was indicted on the other charges of AWDWIKISI and discharging a firearm into occupied property. After a trial before Judge B. Craig Ellis, beginning on 27 April 1992, a jury found defendant guilty on all charges. At the 1992 sentencing hearing, defendant presented evidence that he had fallen behind in elementary school, had taken "special ed" classes, and had been denoted as "emotionally handicapped." Furthermore, following his arrest, defendant was treated for clinical depression at Dorothea Dix Hospital; and while in jail, he helped a jailor who was held hostage during a jailbreak. Based on all the evidence, the trial court found four statutory aggravating factors and three mitigating factors for the charge of conspiracy to commit murder. The trial court concluded the aggravating factors outweighed the mitigating and sentenced defendant to thirty years. On the AWDWIKISI charge for shooting Detective Harris' wife, the trial court found three aggravating factors and three mitigating factors, but again found the aggravating factors outweighed the mitigating, sentencing defendant to twenty years. Finally, on the charge of discharging a firearm into occupied property, the trial court found four aggravating factors and three mitigating with the aggra-

vating again outweighing the mitigating. The trial court sentenced defendant to ten years on this charge with all three sentences to run consecutively with the life imprisonment sentence on the first-degree murder conviction.

Defendant appealed his sentences to our Supreme Court, which affirmed his convictions based on guilt, but found errors in the sentencing phases relating to the conspiracy, AWDWIKISI, and discharging a firearm charges. The trial court had erred by finding two aggravating factors for the conspiracy charge based on the same evidence. Moreover, the trial court's finding of aggravating factor number seven on AWDWIKISI and discharging a firearm was in error because the aggravating factor was based on evidence also used to prove an element of each offense. Consequently, our Supreme Court remanded the case to the trial court for resentencing

On remand in 1995, Judge Joe F. Britt conducted a resentencing hearing during which the State summarized the evidence from trial. The defense accepted the evidence and minimally supplemented it. The State submitted certified copies of defendant's prior convictions. Subsequently, both parties were given an opportunity to argue in favor of aggravating and mitigating factors. The trial court found three aggravating factors and three mitigating for both charges of conspiracy and discharging a firearm. On the charge of AWDWIKISI, the trial court found one aggravating factor and the same three mitigating factors. The trial court went on to find that the aggravating factors outweighed the mitigating factors on all charges and sentenced defendant to the same greater-than-presumptive, consecutive terms, as Judge Ellis did in 1992. Defendant appealed to this Court through a writ of certiorari, which this Court granted on 30 September 2009. In his appeal, defendant contended Judge Britt failed to conduct a *de novo* resentencing hearing. This Court agreed in holding that the hearing "was not the result of an independent decision-making process" and, thus, was not a *de novo* resentencing hearing. The matter was again vacated and remanded to the trial court for a third sentencing hearing.

The 26 May 2011 resentencing hearing was again held before Judge Ellis. The State again presented evidence to support the aggravating factor that defendant has prior convictions punishable by more than sixty days' confinement. Specifically, the State presented evidence that defendant had been convicted of assault with a deadly weapon inflicting serious injury, involving the alleged accidental shooting of his cousin while playing with a gun; three convictions for

assault on a female against his ex-wife; injury to personal property; carrying a concealed weapon; and resisting, delaying, and obstructing justice. Furthermore, the State presented evidence of the admiration for Detective Harris within the community.

Alternatively, defendant presented evidence in furtherance of the mitigating factors, including the ones regarding his mental abilities while in elementary school. Defendant testified at the 2011 hearing that he had fallen behind in school when his grandfather had a stroke and he had been the only one capable of taking care of him, resulting in his having to drop out of school at age fifteen. However, he admitted that during school he was "in the same classes as everybody else" and was not "slow." Furthermore, he ultimately received his GED while incarcerated. After his grandfather improved, he held various employment positions, which allowed him to support his wife and child, as well as his mother. Defendant admitted to his prior convictions and testified regarding the night of the incident. That night he was drunk on various substances, which he had not previously used. He admitted to making the choice to go to Detective Harris' house with a gun, while also knowing that the other guys were not supposed to have guns. He claims there was no reason for murdering Detective Harris other than his having taken LSD and having consumed alcohol. The parties also admitted transcripts of the trial, as well as both prior sentencing hearings.

The State argued against three of the mitigating factors and in favor of the trial court finding the one aggravating factor. Defendant alternatively asked the trial court to find all previous mitigating factors, as well as the non-statutory factors that defendant had a support system in the community; had active positive employment history; supported his family; and earned his GED while in prison. Moreover, defendant asked that he be sentenced within the presumptive range. The trial court stated, "the original sentencing the errors in the judgments were—were mine and the Clerk's and so, that's why we're back here today is to rectify the paperwork more than anything else." The trial court went on to state, "[h]aving heard testimony—new testimony today and also having received the transcript of the trial, based on all of that, I will render my judgments now, so, Mr. Morston, if you would stand up." As a result, the trial court found the one aggravating factor, along with two statutory and four non-statutory mitigating factors on each charge. The trial court specifically did not find the statutory mitigating factor concerning a "limited mental capacity" at the time of the offense. Consequently, the trial court again found that the

one aggravating factor outweighed the mitigating factors on all the charges and sentenced defendant to the same more-than-presumptive range sentences, to all run consecutively with his life imprisonment sentence. Defendant gave oral notice of appeal in open court.

## II. Analysis

### A. Misapprehension of Law and *De Novo* Resentencing Hearing

[1] Defendant raises three issues on appeal with his first being that the trial court acted under a misapprehension of law by failing to conduct a *de novo* resentencing hearing. Defendant contends the trial court failed to consider new evidence in sentencing defendant to the same sentences he received in both 1992 and 1995. We disagree.

> For all intents and purposes the resentencing hearing is *de novo* as to the appropriate sentence. *See State v. Watson*, 65 N.C. App. 411, 413, 309 S.E.2d 3, 4 (1983); *State v. Lewis*, 38 N.C. App. 108, 247 S.E.2d 282 (1978). On resentencing the judge makes a new and fresh determination of the presence in the evidence of aggravating and mitigating factors. The judge has discretion to accord to a given factor either more or less weight than a judge, or the same judge, may have given at the first hearing. However, in the process of weighing and balancing the factors found on rehearing the judge cannot impose a sentence greater than the original sentence.

*State v. Mitchell*, 67 N.C. App. 549, 551, 313 S.E.2d 201, 202 (1984).

Near the end of the 2011 resentencing hearing, the trial court stated that the original sentencing errors "were mine and the Clerk's and so, that's why we're back here today is to rectify the paperwork more than anything else." In 1992, the trial court erred by using the same evidence to find more than one aggravating factor. Our Supreme Court, along with this Court, have both remanded for "resentencing in accordance with the provisions of Articles 81 and 81A of Chapter 15A of the North Carolina General Statutes." *State v. Morston*, 336 N.C. 381, 410, 445 S.E.2d 1, 17 (1994); S*tate v. Morston*, 147 N.C. App. 313, 556 S.E.2d 355 (2001). Thus, defendant claims the trial court should make a "new and fresh" determination regarding all relevant issues. Moreover, defendant requested at the 2011 resentencing hearing that the trial court "not [] simply give him 60 years because that's what you did 20 years ago." However, the trial court went on to resentence defendant to the same sentence as both 1992 and 1995, based on finding that the aggravating factor of prior convictions resulting in confinement of more than sixty days outweighed the mitigating factors.

The State, alternatively, argues the trial court properly rendered its judgments on new testimony presented at the resentencing hearing, as well as a consideration of all the prior evidence, resulting in a thorough *de novo* resentencing proceeding. The State pointedly notes that the trial court made more than just the statement that it was correcting previous clerical errors, but in fact stated, "[h]aving heard testimony—new testimony today and also having received the transcript of the trial, based on all of that, I will render my judgments now, so, Mr. Morston, if you would stand up." Three of the six mitigating factors found by the trial court at the 2011 hearing were not found at the prior sentencing hearings. Moreover, defendant testified at the 2011 hearing after not testifying in either of the previous hearings. Clearly, the trial court considered new evidence and made new determinations regarding the mitigating factors in hearing defendant's testimony. A trial court's resentencing of a defendant to the same sentence as a prior sentencing court is not *ipso facto* evidence of any failure to exercise independent decision-making or conduct a *de novo* review. *See State v. Mason,* 125 N.C. App. 216, 223, 480 S.E.2d 708, 712 (1997).

Defendant attempts to rely on two previous decisions from this Court in which we reversed new sentences entered by two trial courts during resentencing hearings where both trial courts attempted to be consistent and rely on prior sentencing courts' reasoning. In *State v. Daye,* 78 N.C. App. 753, 338 S.E.2d 557, *aff'd per curiam,* 318 N.C. 502, 349 S.E.2d 576 (1986), this Court held that it was "clear from the transcript that the trial court misapprehended the law and felt constrained to find the aggravating factor previously found and upheld[.]" *Id.* at 755, 338 S.E.2d at 560. Furthermore, in *State v. Abbott,* 90 N.C. App. 749, 370 S.E.2d 68 (1988), the resentencing court found the same aggravating and mitigating factors as the prior sentencing court. This Court held in *Abbott* that the resentencing court's statement that "it was trying to be consistent with [the prior sentencing court], while not intimating that the previous findings were the law of the case, indicates to us that its decision was not independent." *Id.* at 752, 370 S.E.2d at 69. In the case at hand, the resentencing court never made any statements that it felt constrained to impose the same sentence as the previous courts and, additionally, it did not find the same aggravating and mitigating factors. Moreover, the sentencing court did not give any indication that it considered the sentences previously imposed. Consequently, the resentencing court properly conducted a *de novo* resentencing hearing and did not abuse its discretion or act under a misapprehension of the law.

## B.  Limited Mental Capacity Mitigating Factor

[2]  Defendant next argues the trial court erred by failing to find the same mitigating factor as the previous sentencing courts had found in that defendant had a limited mental capacity at the time of the shooting, which significantly reduced his culpability for the offenses. Defendant asked Judge Ellis to find the same statutory mitigating factor in 2011 that he found in 1992 for the charges of conspiracy to commit murder and AWDWIKISI, in that "defendant's limited mental capacity at the time of the commission of the offense significantly reduced his culpability for the offense." N.C. Gen. Stat. § 15A-1340.4(a)(2)(e) (1993) (current version at N.C. Gen. Stat. s§ 15A-1340.16(e)(4) (2011)). However, Judge Ellis specifically refused to find the factor at the 2011 resentencing hearing based on new evidence heard during the hearing. Based on the following, we disagree with defendant's contention in arguing that the trial court erred by failing to find the same mitigating factor in 2011.

"A trial judge's failure to find a statutory mitigating factor is error only where evidence supporting the factor is uncontradicted, substantial, and manifestly credible." *State v. Maness*, 321 N.C. 454, 462, 364 S.E.2d 349, 353 (1988). "[O]n resentencing, the trial court must make a new and fresh determination of the sufficiency of the evidence underlying each factor in aggravation and mitigation, including those factors previously found and affirmed by the appellate court." *Mason*, 125 N.C. App. at 224, 480 S.E.2d at 713 (internal quotation marks and citation omitted). The burden is on defendant to prove the desired mitigating factor "by a preponderance of the evidence." *State v. Ingram*, 65 N.C. App. 585, 589, 309 S.E.2d 576, 579 (1983). "[Defendant] is asking the court to conclude that 'the evidence so clearly establishes the fact in issue that no reasonable inferences to the contrary can be drawn,' and that the credibility of the evidence 'is manifest as a matter of law.' " *State v. Jones*, 309 N.C. 214, 219-20, 306 S.E.2d 451, 455 (quoting *North Carolina National Bank v. Burnette*, 297 N.C. 524, 536-37, 256 S.E.2d 388, 395 (1979)).

Defendant contends he presented substantial, uncontradicted, and manifestly credible evidence supporting the finding of the mitigating factor, which happened to be the same evidence presented in 1992 when Judge Ellis initially found the mitigating factor regarding a limited mental capacity. Moreover, defendant notes that the capital sentencing jury found a mitigating factor in its capital verdict that "the capacity of the defendant to appreciate the criminality of the law

was impaired." Thus, defendant argues the trial court should have found the mitigating factor in 2011, as it is substantially similar to the one found by the capital sentencing jury. However, a sentencing court is not bound by a jury's finding of a capital mitigating factor, as the factors are not the same and the sentencing hearing is conducted *de novo. See State v. Freeman*, 313 N.C. 539, 552, 330 S.E.2d 465, 475 (1985). Judge Ellis was certainly in the realm of his authority in not finding the mitigating factor solely because the capital sentencing jury found a similar factor.

Additionally, defendant contends he presented sufficient evidence at the resentencing hearing to warrant a finding of the mitigating factor. Specifically, he presented evidence that he had been designated as "emotionally handicapped" in elementary school; had been placed in a "special ed" category; had dropped out of school at age fifteen; had been treated for clinical depression; and at the time of the offense had been drunk and high on various substances. Furthermore, defendant argues his limited mental capacity was the sole reason for his involvement in the killing, as he was not upset with Detective Harris and was not making conscious choices at the time of the killing. As a result, defendant claims the trial court incorrectly considered his mental capacity at the resentencing hearing in 2011 and not at the time of the commission of the offenses in 1991.

"A 'limited mental capacity' is defined as a low level of intelligence or I.Q." *State v. Hall*, 85 N.C. App. 447, 454, 355 S.E.2d 250, 255 (1987) (citation omitted). "The trial court's determination [of the 'limited mental capacity' mitigating factor] involves a two part inquiry: (1) whether the defendant suffers from a limited mental capacity (or from 'immaturity') and (2) if so, its effect on his culpability for the offense." *Id.* at 455, 355 S.E.2d at 255 (citation omitted). The limited mental capacity must have "significantly reduce[d] the [defendant's] culpability for the offense." *State v. Colvin*, 90 N.C. App. 50, 58, 367 S.E.2d 340, 345 (1988). In addition, "[i]t is within the trial judge's discretion to assess the conditions and circumstances of the case in determining whether the defendant's immaturity or limited mental capacity significantly reduced culpability." *State v. Holden*, 321 N.C. 689, 696, 365 S.E.2d 626, 630 (1988).

While defendant may have initially presented some evidence that while in elementary school he was placed in separate classes, he testified at the 2011 resentencing hearing that he attended "the same classes as everybody else" and was not "slow." The trial court relied

on this evidence in 2011 in declining to find the requested mitigating factor that defendant had a limited mental capacity. The evidence tended to show that defendant had been labeled "emotionally handicapped" because of behavioral problems during his childhood and had actually dropped out of school to take care of his grandfather, rather than for intelligence issues. Defendant even received his GED while in prison. Furthermore, defendant's own testimony exhibited that he understood the difference between right and wrong, and that he consciously made the decision to go to Detective Harris' home, with a gun, despite knowing it was wrong. Defendant's argument that he was intoxicated at the time of the murder does not support a finding of the limited mental capacity mitigating factor. *See State v. Barranco*, 73 N.C. App. 502, 511-12, 326 S.E.2d 903, 910 (1985). Based on the new evidence presented at the 2011 resentencing hearing, the trial court did not err in declining to find the limited mental capacity mitigating factor, as the evidence, including defendant's own testimony, did not substantially show that defendant had a limited mental capacity at the time of the offenses in 1991.

## C. Weight of Sentencing Factors

[3] Defendant's final argument on appeal is that the trial court abused its discretion in finding that the one aggravating factor outweighed all the mitigating factors, and then sentencing defendant to consecutive terms of imprisonment outside of the presumptive range. We disagree.

"A trial court's weighing of mitigating and aggravating factors will not be disturbed on appeal absent a showing that there was an abuse of discretion." *State v. Wampler*, 145 N.C. App. 127, 133, 549 S.E.2d 563, 568 (2001). Moreover, "[a] judgment will not be disturbed because of sentencing procedures unless there is a showing of . . . procedural conduct prejudicial to defendant, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play." *State v. Pope*, 257 N.C. 326, 335, 126 S.E.2d 126, 130 (1962). Nonetheless, " '[a] sentencing judge properly may determine in appropriate cases that one factor in aggravation outweighs more than one factor in mitigation and vice versa.' " *Wampler*, 145 N.C. App. at 133, 549 S.E.2d at 568 (quoting *State v. Parker*, 315 N.C. 249, 258, 337 S.E.2d 497, 502 (1985)). " 'The balance struck by the sentencing judge in weighing the aggravating against the mitigating factors, being a matter within his discretion, will not be disturbed unless it is manifestly unsupported by reason, or so arbi-

trary that it could not have been the result of a reasoned decision.' " *Id.* (quoting *Parker,* 315 N.C. at 258-59, 337 S.E.2d at 502-03).

Defendant contends that his prior convictions were fairly weak while the six mitigating factors found by the trial court were extremely strong. Defendant had one prior felony conviction for assault with a deadly weapon inflicting serious injury when he allegedly accidentally shot his cousin, but he also had several misdemeanors for domestic violence against his ex-wife. The trial court found six mitigating factors in that the defendant's commission of the offenses was under compulsion which reduced culpability; defendant suffered from a mental condition that was insufficient to constitute a defense, but significantly reduced his culpability; defendant attempted to render assistance to a jailor during an attempted jailbreak; defendant financially supported his family; defendant had a history of gainful employment; and defendant had a support system within the community. " '[A] trial judge need not justify the weight he attaches to any factor.' " *State v. Lane,* 77 N.C. App. 741, 745, 336 S.E.2d 410, 413 (1985) (quoting *State v. Ahearn,* 307 N.C. 584, 596-97, 300 S.E.2d 689, 697 (1983)). Furthermore,

> [t]he discretionary task of weighing mitigating and aggravating factors is not a simple matter of mathematics. For example, three factors of one kind do not automatically and of necessity outweigh one factor of another kind. The number of factors found is only one consideration in determining which factors outweigh others. The court may very properly emphasize one factor more than another in a particular case.

*State v. Melton,* 307 N.C. 370, 380, 298 S.E.2d 673, 680 (1983). Judge Ellis was clearly within his discretion to attach more weight to the aggravating factor that defendant had prior convictions resulting in sentences of more than sixty days over the six mitigating factors. In *State v. Parker,* 319 N.C. 444, 448, 355 S.E.2d 489, 491-92 (1987), our Supreme Court upheld a defendant's sentence where the trial court found that one aggravating factor of prior convictions outweighed four mitigating factors.

Additionally, defendant argues the trial court erred in sentencing him to the same exact sentence as the two previous sentencing courts after this Court and our Supreme Court had twice remanded the case. However, in *Mitchell,* 67 N.C. App. at 553, 313 S.E.2d at 203, this Court held that the trial court did not abuse its discretion where it imposed the same sentence as the original sentencing court, while having

**STATE v. MORSTON**

[221 N.C. App. 464 (2012)]

found four fewer aggravating factors than the original sentencing court. As previously stated, the trial court "has discretion to accord to a given factor either more or less weight than a judge, or the same judge, may have given at the first hearing." *Id.* at 551, 313 S.E.2d at 202. The trial court cannot look at just the number of factors in aggravation or mitigation, but must give weight to each factor. "Once a trial court has found, by the preponderance of the evidence, that aggravating factors outweigh mitigating factors, the trial court has the discretion not only to increase the sentence above the presumptive term, but also the discretion to determine to what extent the sentence will be increased." *State v. Canty*, 321 N.C. 520, 527, 364 S.E.2d 410, 415 (1988). Thus, the trial court did not err in giving more weight to the sole aggravating factor and then sentencing defendant to the same greater-than-presumptive range sentence as the previous sentencing courts. In addition, the trial court did not abuse its discretion by sentencing defendant to consecutive sentences. *See State v. Ysaguire*, 309 N.C. 780, 784-88, 309 S.E.2d 436, 440 (1983). As a result, the trial court did not abuse its discretion in attaching more weight to the one aggravating factor over the mitigating factors and sentencing defendant to consecutive terms greater than the presumptive range.

### III. Conclusion

We affirm the decision of the trial court in sentencing defendant to consecutive sentences of thirty, twenty, and ten years on the charges of conspiracy to commit murder, AWDWIKISI, and discharging a firearm into occupied property. The trial court did not act under a misapprehension of the law because it did conduct a *de novo* resentencing hearing. Moreover, it did not abuse its discretion in declining to find the mitigating factor that defendant suffered from a limited mental capacity, nor in finding that the one aggravating factor outweighed all mitigating factors in sentencing defendant to consecutive sentences.

Affirmed.

Judges CALABRIA and STROUD concur.