STROUD, Judge.
Sylvester Eugene Harding ("defendant") appeals from a judgment entered upon his resentencing. After careful review, we affirm.
On or about 12 May 2010, defendant was found guilty by a jury of the following offenses: possession with intent to manufacture, sell, or deliver cocaine; felonious maintaining a vehicle used for keeping or selling a controlled substance; misdemeanor driving while license revoked; and displaying a fictitious registration plate. He then entered a plea of guilty to attaining habitual felon status. The trial court consolidated defendant's convictions into one judgment and sentenced him to a term of imprisonment of 93 to 121 months.
On or about 13 May 2010, defendant filed a motion for reconsideration of his sentence. Defendant alleged that the trial court failed to consider a mitigating factor, namely that he was discharged honorably from the military. The court conducted a hearing on the motion, found the mitigating factor, and entered an amended judgment imposing a mitigated-range sentence of 82 to 108 months.
Defendant appealed, and this Court found no error in part and reversed in part. State v. Harding,215 N.C.App. 391, 716 S.E.2d 87 (unpublished), disc. review denied,365 N.C. 362, 718 S.E.2d 394 (2011). This Court held that the State failed to produce sufficient evidence that defendant's vehicle was used for the keeping or selling of a controlled substance and therefore reversed the judgment as to that conviction. Id.,716 S.E.2d 87.
On remand, the trial court conducted a hearing on 3 November 2011. The court vacated defendant's judgment as to the conviction for maintaining a vehicle to keep a controlled substance. The court, however, left defendant's sentence of 82 to 108 months undisturbed.
On or about 10 February 2012, defendant filed a document in the trial court which was apparently treated as a motion for appropriate relief. On or about 24 February 2012, the trial court entered an order concluding that "[d]efendant is entitled to a re-sentencing hearing and is entitled to be heard as to his sentence and whether or not he should receive a lesser punishment than the 82-108 months he originally received." The trial court also concluded that defendant was entitled to retained or "conflict-free" counsel at the hearing.
On 10 January 2013, the trial court conducted a resentencing hearing, and defendant was represented by a new attorney. Following the hearing, the trial court imposed the same sentence that it had previously imposed.
On or about 15 January 2013, defendant filed a pro senotice of appeal that fails to fully comply with the requirements of North Carolina Rule of Appellate Procedure 4. SeeN.C.R.App. P. 4. Defendant, however, has filed an alternative petition for writ of certiorari acknowledging the deficiencies. In the interest of justice, we hereby allow his petition.
Counsel appointed to represent defendant has been unable to identify any issue with sufficient merit to support a meaningful argument for relief on appeal and asks that this Court conduct its own review of the record for possible prejudicial error. Counsel has also shown to the satisfaction of this Court that he has complied with the requirements of Anders v. California,386 U.S. 738, 18 L.Ed.2d 493 (1967), and State v. Kinch,314 N.C. 99, 331 S.E.2d 665 (1985), by advising defendant of his right to file written arguments with this Court and providing him with the documents necessary for him to do so.
Defendant has filed a pro sebrief and supplements to his brief in which he claims that he has been denied effective assistance of trial and appellate counsel. At the resentencing hearing, defendant sought to challenge the traffic stop giving rise to his convictions. He claims that trial counsel should have raised this issue at the resentencing hearing, and that current appellate counsel should have raised this issue instead of filing an Andersbrief.
Defendant's ineffective assistance of counsel claims are without merit. "When a defendant attacks his conviction on the basis that counsel was ineffective, he must show that his counsel's conduct fell below an objective standard of reasonableness." State v. Braswell,312 N.C. 553, 561-62, 324 S.E.2d 241, 248 (1985) (citing Strickland v. Washington,466 U.S. 668, 80 L.Ed.2d 674 (1984) ). To make such a showing, the defendant must demonstrate: (1) counsel's performance was deficient, and (2) counsel's errors prejudiced the defense. Id.at 562, 324 S.E.2d at 248.
Here, defendant cannot show that he was prejudiced by either appellate or trial counsel's failure to challenge the traffic stop at resentencing. "For all intents and purposes the resentencing hearing is de novo as to the appropriate sentence.On resentencing the judge makes a new and fresh determination of the presence in the evidence of aggravating and mitigating factors." State v. Mitchell,67 N.C.App. 549, 551, 313 S.E.2d 201, 202 (1984) (emphasis added) (citations omitted). The argument defendant wished to raise was relevant to the guilt-innocence phase in his original trial and therefore misplaced at resentencing. Accordingly, defendant cannot demonstrate that he was prejudiced by counsel's failure to challenge the stop, whether at the resentencing hearing itself or on appeal from it. See Mitchell,67 N.C.App. at 551, 313 S.E.2d at 202.
In accordance with Anders,we have fully examined the record to determine whether any issues of arguable merit appear therefrom or whether the appeal is wholly frivolous. See Anders,386 U.S. 738, 18 L.Ed.2d 493. Because defendant has raised only issues which are meritless, we conclude the appeal is wholly frivolous. Furthermore, we have examined the record for possible prejudicial error and have found none.
AFFIRMED.
Judges DAVIS and INMAN concur.
Report per Rule 30(e).
Opinion
Appeal by defendant from judgment entered 10 January 2013 by Judge James Floyd Ammons, Jr. in Cumberland County Superior Court. Heard in the Court of Appeals on 20 July 2015.